**Donald HONTZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57663.**

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

W. R. Schelp, Bradley, Skelton & Schelp, Lexington, for appellant, Donald Hontz.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction entered upon pleas of guilty to charges of breaking county jail and escaping, Section 557.380, V.A.M.S., and stealing a mo-

tor vehicle, Sections 560.156, 560.161, V.A. M.S.

On December 19, 1969, Donald Hontz was placed in the Johnson County jail on charges unrelated to the sentences now in question. He broke and escaped the jail in July, 1970, and, after rearrest in July, 1970, was sentenced to six months' imprisonment in the Johnson County jail for that offense. In August, 1970, he again broke and escaped jail and stole an automobile, which acts produced the charges and resulted in the sentences now in question. He was rearrested August 16, 1970, and was again placed in jail, now to serve the original jail sentence and in lieu of bond on the present charges of jail break and auto theft. He remained in the Johnson County jail until sometime after the expiration of the jail sentence, when he obtained a change of venue to Lafayette County where he was incarcerated until he pleaded guilty on March 25, 1971, to the current charges of breaking and escaping jail and auto theft.

On March 25, 1971, Donald Hontz, assisted by employed counsel, pleaded guilty to the charges of jail break and auto theft for which he was sentenced to terms of two and three years' imprisonment, the sentences to run concurrently, and credited with the time spent in jail from January 16, 1971, the date of completion of the original jail sentence.

By his motion, Donald Hontz alleged that his guilty pleas were involuntary; that he did not intelligently waive his right to jury trial, and that his counsel was ineffective. He now presents these same matters as charges of error (I) to the court's exclusion of evidence of conditions of and his treatment in the Johnson County jail, and (II) in denial of relief "in that the evidence clearly establishes that the movant was induced to enter a plea of guilty by a promise of a sentence of two years on each charge to run concurrently and a parole by his own attorney."

Donald Hontz testified that his wife employed James Buckley, an attorney from Sedalia, to represent him on the subject charges of jail break and auto theft. Mr. Buckley appeared with and assisted him at the preliminary hearing accorded on those charges in Johnson County and at the entry of the guilty pleas in the Circuit Court of Lafayette County. He asserted as the basis of his guilty pleas (and as his complaint against counsel) that Mr. Buckley "took and told me that he would get me two and two years to run concurrent * * * and he said that I wouldn't be down there over seven months and * * * if I tried to fight the case that they could file a habitual criminal on me if I tried to take it to the jury, and he told me the best thing to do was to plead guilty and he said that I would get the two and two to run concurrent." He acknowledged his understanding of and stated the range of punishment on both charges, and that Mr. Buckley had explained such to him. He also acknowledged stating his guilty pleas were voluntary pursuant to questions by Judge Cook at the time of their entry. He says now that his pleas were not voluntary "because that he [Mr. Buckley] said that I would get more time if I didn't." He further acknowledged knowing that he was admitting his guilt of the charges by his guilty pleas, and that he was entitled to a jury trial. He stated also that he felt Mr. Buckley failed to get him all his jail time as a credit on the sentence; that he failed to get him medical attention while at Warrensburg and threatened to resign as counsel if he persisted in his demand, and that he did not get sufficient visiting time for his wife. He thought these matters had some bearing upon his guilty pleas, "I paid him * * * to go ahead and represent me and I thought he was going * * * to get me off easy on it, but he didn't." He felt his need of medical attention had no direct bearing upon his guilty pleas; his medical problem was treated in Lafayette County prior to entry of his pleas.

On cross-examination, movant further acknowledged that neither the prosecuting attorney nor anyone else had promised to recommend two-year concurrent sentences, and that Mr. Buckley did request such a sentence.

On examination by the court, movant modified his testimony to say that Mr. Buckley said only that he had "a pretty good chance to get two and two"; and he understood that only the court could assess his punishment. He acknowledged also that Mr. Buckley told him that the prosecuting attorney was going to recommend concurrent terms of two and three years in the event he pleaded guilty.

George Corkins, Carl Beacken, and Edward Brown, in addition to movant, offered to testify concerning living conditions and treatment in the Johnson County jail. Upon objection, such was excluded as being immaterial to the issue presented by the motion.

Marie Hontz, movant's mother, and Patricia Hontz, his sister-in-law, corroborated movant with respect to testimony that Mr. Buckley said something about "two and two," and that "he would have him out of there in seven months' time." The younger Mrs. Hontz further understood the conversation to mean only that Mr. Buckley would "recommend" concurrent sentences of two years rather than a "promise" to that effect. She knew of no threats made to movant, and believed that Mr. Buckley did the best he could for his client.

In the transcript of proceedings at the entry of the guilty pleas, movant stated that: He wanted to change his not guilty pleas to guilty pleas; he understood he could have a jury trial; his age, 24; his schooling, seventh grade; the lack of promise or threat from any one or in any way as affecting his decision to plead guilty; his own free will in pleading guilty, and because he was guilty; his knowledge of the range of punishment on each charge; his full opportunity to consult with counsel and his satisfaction with counsel in the ad-

vice given. Only then did the court accept the guilty pleas upon feeling they were voluntarily entered; and only then did the prosecuting attorney make his recommendation of concurrent terms of two and three years' imprisonment. Mr. Buckley then told the court his client wished to advise the court why he committed the offenses. He reiterated his asserted refusal of visiting rights and medical care which he acknowledged had nothing to do with the stealing charge but went to his incarceration on the original jail break charge.

After a recess allocution was granted, Mr. Buckley asked for the concurrent two-year sentences, and neither Mr. Buckley nor movant knew of any reason why the court should not pronounce sentence.

The court found:

"* * * There are really actually only two grounds stated for wanting to set this aside and one is that the plea was involuntary and, two, that he did not receive effective aid, assistance, from his lawyer.

"Now the evidence in this case discloses to me and, after questioning Mr. Hontz both at the time the sentence was imposed, and today, I believe Mr. Hontz is intelligent and did understand the charges that were placed against him, and did understand that it was the duty of the Court to assess the punishment, and did understand that his lawyer was going to ask for a sentence of two years and two years, which his lawyer did do, and that he did know and understand that the prosecuting attorney was going to recommend three and two; I feel Mr. Hontz understood that and, after questioning by the Court, I feel that he understood it at that time and I still feel so and I feel that his plea of guilty was a voluntary plea.

"Now as to Mr. Buckley, there is no evidence here that Mr. Buckley did not do the best he could for Mr. Hontz; he appeared at such times in Court that he was supposed to; he conveyed to him the fact that the prosecuting attorney was going to recom-

mend three and two, which of course he should have done, and under these circumstances and all of the evidence that I have heard here today I feel that Mr. Hontz did understand the nature of the charges and that he did voluntarily enter his plea of guilty to both charges and that he was effectively represented by counsel.

"The motion will be overruled."

■ The evidence has been stated in some detail because it demonstrates that movant failed in his burden of proof and that the court's findings and denial of relief are not clearly erroneous for either of the asserted reasons. Rule *27.26*, supra; Crosswhite v. State, Mo., 426 S.W.2d 67, 70.

■ Appellant is not entitled to relief under his Point I for two reasons. In the first place, the testimony with respect to whether jail conditions had any bearing on his guilty pleas is shown by the statement to be in conflict, the trial court resolved such conflict, and such resolution is not clearly erroneous on this record. Secondly, dissatisfaction with jail conditions and a hope of change for the better by entering a guilty plea are not factors to be considered in determining whether a guilty plea was voluntarily entered. Collins v. State, Mo., 450 S.W.2d 186, 190, quoting Verdon v. United States, 8 Cir., 296 F.2d 549, 552.

■ Appellant is not entitled to relief under his Point II because, contrary to his assertion, the record does not "clearly establish" that counsel promised him two-year concurrent sentences and a parole. Compare State v. Rose, Mo., 440 S.W.2d 441. At best, the testimony is in conflict with respect to whether counsel "promised" two-year concurrent sentences as opposed to a request for, or recommendation of, such sentences, which he did make. Similarly, the matter of parole, if actually discussed, could have been nothing more than a judgment by counsel. With a record showing as this one does that the guilty pleas were entered voluntarily, such assertions, shown at best only by conflicting evidence, do not

make the denial of relief on that ground clearly erroneous.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.