Clarence CANADA, Appellant,

v.

STATE of Missouri, Respondent.

No. 57316.

Supreme Court of Missouri, Division No. 2.

Feb. 11, 1974.

William E. Erdrich, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Daniel P. Card II, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

On October 23, 1962, Clarence Canada entered a plea of guilty to murder in the first degree and was sentenced to imprisonment for life. He has appealed (the notice being filed on September 20, 1971) from the judgment of the trial court denying his motion filed pursuant to Rule 27.26, V.A.M.R. to set aside the judgment entered pursuant to his plea of guilty.

Appellant's first point is that the trial court erred in "denying [his] allegation that the guilty plea was defective in that he had not been made adequately aware of the consequences of his plea by either the trial court or his attorney."

■ The examination by the court at the time the plea of guilty was accepted was not as inclusive as contemplated by Rule 25.04. But, as stated in State v. Mountjoy, 420 S.W.2d 316 (Mo.1967), if the record made at the time of the plea and at the hearing on the motion filed pursuant to Rule 27.26 demonstrates that appellant was in fact aware of the consequences of his plea, no manifest injustice could have resulted from the acceptance of the plea.

When appellant entered his plea of guilty his employed counsel was with him. The court asked if he was in fact guilty of the charge of murder in the first degree, and if he understood that the court could impose the death penalty. Appellant answered both questions in the affirmative. The court then stated to appellant that "if there have been any promises made to you, as to what the court will or will not do, I want you to tell us so, because I will not be bound by anything that either Judge Waltner [defense counsel] or Mr. Hill [prosecutor] might have said" concerning punishment. Appellant made no answer. The court then asked that the prosecutor review the facts, and Mr. Hill stated that on April 12, 1962, while appellant and another were in the process of committing a robbery, appellant shot and killed the robbery victim. The court asked appellant's counsel if he had anything to say, and after a statement by counsel pertaining to mitigating circumstances, the court imposed a sentence of life imprisonment.

At the hearing on the motion appellant testified that he conferred six or seven times with his attorney, but that his attorney never told him that the minimum punishment for first degree murder was life imprisonment. He further testified that he though he would receive a sentence of ten or fifteen years because his attorney told him that would be the sentence. He also stated that his contention of ineffective representation by counsel was based only

on the fact that he received a sentence of imprisonment for life instead of ten or fifteen years.

The prosecutor testified that he refused to reduce the charge to murder in the second degree, but that he did state to appellant's attorney that in the event of a plea of guilty to first degree murder he would recommend a life sentence.

At the time appellant entered his plea of guilty his attorney was Marion Waltner, a former circuit judge, who had been employed by appellant's mother. He was ill and not able to attend court at the time of the hearing on appellant's motion. However, his deposition was taken and by agreement it was introduced into evidence.

Judge Waltner testified that he conferred with appellant at least six times, that he obtained information as to the evidence that would be presented against appellant, and that in his professional opinion the state's case was "not subject to any defeat." He further stated he advised appellant that he had a right to a trial by jury and that he definitely advised appellant that the range of punishment was only life imprisonment or death, and that considering the evidence against him in the event of a trial appellant "would be very fortunate if he escaped with a life sentence." When asked whether he had advised appellant that the sentence would be fifteen years imprisonment or in that neighborhood, he replied: "I know very well that no such thing ever took place."

■ The trial court found that appellant was advised and did know that the only permissible punishment for a plea of guilty to murder in the first degree was life imprisonment or death, and that he was not advised by his attorney that he would re-

ceive a lesser sentence. That finding is not clearly erroneous.

The remaining point in appellant's brief is that the trial court erred "in basing its finding of effective counsel upon the history and experience of appellant's attorney." This point borders on the frivolous, and in any event is factually incorrect.

■ Apparently appellant has reference to the following finding of the trial court: "The court finds that Mr. Waltner, an experienced and able attorney, did advise the movant of his constitutional rights, and that he did advise [appellant of] the range of punishment." By his testimony appellant specifically limited his contention of ineffective representation of counsel to the fact that he received a life sentence when, according to appellant, his counsel told him he would receive a lesser sentence. That factual issue was resolved contrary to appellant's contention. Also it is factually incorrect to say that the trial court "based its finding of effective counsel" on only the history and experience of appellant's counsel. The trial court reviewed the activities of Mr. Waltner in his representation of appellant, the deposition admitted into evidence showed his experience as a judge and as a lawyer, and it was not improper for the trial court, if it did, to rely on its personal knowledge of Mr. Waltner's experience in the field of criminal law.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.