**STATE of Missouri, Respondent,**

v.

**Vernell GARRETT, Appellant.**

**No. 34940.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 21, 1974.

Lewis, Rice, Tucker, Allen & Chubb, John Torrey Berger, Jr., Thomas G. Lewin, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Jefferson City, J. Brendan Ryan, Circuit Atty., J. Paul Allred, St. Louis, for respondent.

KELLY, Judge.

Appellant, the Movant in the trial court, filed his motion pursuant to Rule 27.26, V. A.M.R. seeking to have vacated convictions and sentences imposed on July 28, 1970, when he entered pleas of guilty to charges of stealing property of a value of more than $50.00, Secs. 560.156 and 560.161 RSMo 1969, V.A.M.S., and robbery in the first degree by means of a dangerous and deadly weapon, Secs. 560.120 and 560.135 RSMo 1969, V.A.M.S. He was sentenced to a term of five years on each charge, the one sentence to be served concurrently with the other, in custody of the Missouri Department of Corrections. On February 8, 1973, appellant was discharged from said

Department of Corrections by commutation of sentence. Since he is no longer in custody under either of these sentences we shall consider his appeal as in the form of a Writ of error coram nobis. Peterson v. State, 476 S.W.2d 608, 609 [1, 2] (Mo. 1972).

The grounds upon which appellant seeks relief here are that the trial court erred in finding, (1) that his pleas of guilty to the two charges were valid because the trial judge in accepting his pleas did not comply with the requirements of Rule 25.04, (2) in finding that his pleas of guilty were voluntary, and (3) in finding that he was adequately represented by counsel prior to and at the time he entered the pleas of guilty.

█ This case is one where the trial judge in accepting the pleas of appellant did not, in fact, comply strictly with the requirements of Rule 25.04, in that he did not inquire whether appellant was fully acquainted with the range of punishment for each of the offenses with which he stood charged. The issue was, and is, whether as a matter of fact, despite the failure to comply with Rule 25.04, the pleas were made voluntarily and understandingly. Tyler v. State, 485 S.W.2d 102, 103 [2] (Mo.1972). We conclude that there was sufficient evidence in the record to support the finding of the trial judge that there was a substantial compliance with the requirements of Rule 25.04. Appellant admitted during cross-examination that he had on a prior occasion, February 1, 1966, been convicted of stealing and, after entering a plea of guilty, was sentenced to two years in the Missouri Department of Corrections but was then placed on probation. He further testified that he violated the provisions of his probation and in 1968 was sent to the penitentiary when his probation was revoked. Mr. Fitzsimmons, a member of the Public Defender's Staff who represented appellant at the preliminary hearing, testified that he thus became aware of the State's case against appellant on the stealing charge from the evidence presented on the probable cause hearing. The robbery charge was by way of grand

jury indictment and he discussed that case with the appellant also. He recollected that he talked with the appellant on two or three occasions after the preliminary hearing on June 23, 1970, and July 20, 1970, when Mr. Fitzsimmons left on military duty. In these discussions, although appellant maintained he was innocent of the charges, he advised Mr. Fitzsimmons that he was interested in seeing what the State would offer. Mr. Fitzsimmons advised him of the range of punishment for each of the charges, explained to him that if he was convicted by the jury the judge would sentence him because of his prior convictions and that because of his prior criminal record and the facts of the robbery, including the use of a gun in that robbery, there would be an excellent chance that the judge would give him more than the minimum five years on the robbery charge. Appellant, according to Mr. Fitzsimmons, asked that he negotiate with the assistant circuit attorney handling the case. In accordance with his client's request Mr. Fitzsimmons negotiated and conveyed to appellant the assistant circuit attorney's offer of five years on each charge to be served concurrently. Appellant agreed to this.

Mr. Perryman, an attorney who had formerly been employed by the Public Defender's office but at the time was working on a retainer for the City of St. Louis to assist the Public Defender's Office during the summer months of 1970, took over for Mr. Fitzsimmons and handled the plea proceedings as counsel for the appellant. On Friday, July 24, 1970, Mr. Perryman talked with the assistant circuit attorney handling the cases and learned what evidence the State had against appellant in these cases. He then went to the City Jail where he visited with the appellant and advised him of the State's position and the procedure the court followed in accepting a plea. The transcript of the plea demonstrates that the assistant circuit attorney did recommend five years on each of the charges to be served concurrently and the trial court followed this recommendation and imposed sentences in accord with this recommendation.

We conclude that the finding of the trial court that there was a substantial compliance with the requirements of Rule 25.04 was not clearly erroneous. Rule 27.26(j).

■ Appellant further contends that the trial court erred in finding that his pleas were in fact made voluntarily and knowingly and the thrust of his argument in support of this contention is that the failure of the trial judge to comply with the requirements of Rule 25.04 shifted the burden of proof to the State to show that the pleas were voluntary and knowing.

■ While there was conflicting testimony in this case concerning the extent of discussions between appellant and his counsel, where there is a question of credibility the trial court has the right to determine the conflicts and need not accept the appellant's version even where uncontradicted. Shoemake v. State, 462 S.W.2d 772, 775 [4] (Mo.banc, 1971); Skaggs v. State, 476 S.W.2d 524, 527 [3] (Mo.1972). In the transcript of the plea proceedings the appellant stated to the judge that he had authorized his counsel to state to the court that he, the appellant, wanted to withdraw his former pleas of not guilty and enter instead pleas of guilty to the charges. He further stated that he was satisfied with the discussions and advice given to him and that although he knew he was entitled to a trial by either a jury or the court, he still wished to plead guilty. He further stated that no one had threatened him or promised anything to get him to plead, and after the assistant circuit attorney recited the facts the State expected to prove in support of the charges, when the court inquired whether appellant had taken the stereo from Arlans, he replied, "Yes, sir." This evidence, when taken together with the testimony of his counsel, is sufficient to support the findings and conclusions reached by the trial judge. We therefore rule this point against appellant.

■ His third, and final point, that he had inadequate assistance of counsel, is also without merit. The courts of this state have held that once a guilty plea has been entered the determination of the adequacy of representation is material only to the extent the incompetency of counsel bears on the issue of voluntariness and understanding. Barylski v. State, 473 S.W.2d 399, 402 [2] (Mo.1971). Where a movant can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not a knowing and intelligent act he can obtain relief on those grounds. Hall v. State, 496 S.W.2d 300, 303 [5] (Mo.App.1973). While appellant contends that his case is on all points with the Hall case, *supra*, we do not so conclude. While counsel in this case did not interview any of the State's witnesses, the co-defendants, nor any possible witnesses favorable to appellant, his failure to do so we find excusable. Mr. Fitzsimmons took a statement from the appellant on June 23, 1970. He had previously attended the preliminary hearing on the stealing charge and had heard the testimony there. He had discussed the cases with the assistant circuit attorney handling them and learned from him what the State's evidence was in the robbery case. While in the preliminary preparation of the case, appellant inquired "what the State would take?" Mr. Fitzsimmons advised appellant that there was only one witness to the robbery charge and not much evidence against him, and with respect to the stealing charge there was only the word of the security guard against the word of appellant. Mr. Fitzsimmons testified that he would have investigated the cases more had appellant not indicated a desire to plead guilty; and he further testified that he did not advise the appellant to plead guilty to either of the charges. Counsel here did not instigate the plea-bargaining process until requested to do so by appellant, and even during the course of the negotiations he discussed the weaknesses and strengths of the State's cases with appellant. In the Hall case, *supra*, the appellant was illiterate and inexperienced with the criminal justice system. Here, on the other hand, the appellant had previously been charged and pleaded to

stealing, had been on probation and had violated the terms of said largesse. He had been the beneficiary of a high school education and was a machinist by trade. In measuring the performance of counsel against a charge of inadequate representation, there are four gauges: 1) since he is vested with broad latitude he is not to be adjudged incompetent for mere errors of judgment; 2) his ineffectiveness must constitute the proceedings a farce or mockery of justice; 3) his representation must be so woefully inadequate that it shocks the conscience; and 4) his incompetency must have deprived his client of a fair trial. Hall v. State, *supra*, l.c. 303. We find that appellant's counsel fell short in none of these respects, and the trial court was not clearly erroneous in so finding also.

From the record we find no error and therefore affirm.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.