**STATE of Missouri, Respondent,**

v.

**Robert Wayne TAYLOR, Appellant.**

**No. 36521.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 26, 1975.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied Oct. 22, 1975.

Application to Transfer Denied Dec. 8, 1975.

Edward J. Wynne, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

In this action for post-conviction relief, appellant seeks to vacate his February 1, 1972, plea of guilty to a two-count indictment charging him with murder in the first degree (Count I) and assault with intent to kill with malice (Count II). Appellant was sentenced by Judge Tillman of the Circuit Court of the City of St. Louis to serve two consecutive life sentences. Thereafter a new attorney was then appointed for the appellant. Appellant's motion for post-conviction relief under Rule 27.26, V.A.M.R., was overruled by Judge Nangle of the Circuit Court on May 14, 1974. This appeal was then taken.

On appeal, three major claims are presented. First, appellant claims that the guilty plea was not entered voluntarily but rather was the product of coercion deriving from several incidents of harassment and beating. As an additional ground for relief, the defendant contends that the court in accepting the guilty plea failed to comply with the requirements of Rule 25.04, V.A.M.R., in that the court failed to inform the defendant of the nature of the charges in Count II or the range of punishment or that the life sentences would be imposed consecutively rather than concurrently. As a final basis of relief, appellant contends that he received ineffective assistance from the attorney representing him at the plea proceedings. The facts and allegations surrounding each of the three claims will be further examined in the course of the opinion.

In assessing the contentions of the appellant, it is important to keep in mind the limited role defined for an appellate court in an action for post-conviction relief. Withdrawal of a guilty plea and setting aside a conviction after sentencing is allowed only to correct "manifest injustice," Rule 27.25. The appellant has the burden of establishing any grounds for relief by a preponderance of the evidence, Rule 27.-26(f). Appellate review of a prior disposition of the defendant's 27.26 motion is bounded by the standard of being clearly erroneous, Rule 27.26(j). Within this limited framework, the appellate court reviews the appellant's claims.

One basis for appellant's claim that his guilty plea was not voluntary was the occurrence of several incidents of harassment and beating by inmates of the city jail while the defendant was incarcerated there prior to his plea. Appellant was adamant in his claim that he pleaded guilty to get out of the city jail. Conditions existing at the jail at the time of defendant's incarceration were such as to lead one court to characterize the situation as cruel and unusual punishment, *Johnson v. Lark,* 365 F.Supp. 289 (E.D.Mo.1973). The opinion of the Missouri District Court does not, however, reach to the correlation, if any, between the conditions of the jail and direct coercive effects on pleas by inmates.

Appellant's claim of dissatisfaction with jail conditions yielding an involuntary plea is not a novel one. It appears that such complaints have been uniformly dismissed by the courts. Finding the guilty plea to be voluntary, the issue of conditions in the jails is usually dismissed with some variant of the broad statement that:

> "Dissatisfaction with a penal condition, brought about by one's own conduct, and a hope that by a guilty plea a different kind of incarceration might be achieved are scarcely factors of involuntariness in a plea. They smack instead only of a desire to achieve as soon as possible a new condition of servitude."

*Verdon v. United States,* 296 F.2d 549, 552 (8th Cir. 1961); *Collins v. State,* 450 S.W.2d 186, 190 (Mo.1970); *Hontz v. State,* 491 S.W.2d 289 (Mo.1973); *Dickson v. State,* 449 S.W.2d 576 (Mo.1970) and *Coleman v. State,* 473 S.W.2d 692, 694 (Mo.1971), among others. This broad statement may be understandable where there is a determination by

the court that the conditions of the jail were simply a motivating factor in the timing of the plea rather than in the actual decision to enter a plea, *Langdeau v. State of South Dakota,* 446 F.2d 507, 508 (8th Cir. 1971) and *Swain v. State,* 492 S.W.2d 778, 780 (Mo.1973). If, however, the oppressive character of the incarceration reaches to the level of cruel and unusual punishment, *Johnson v. Lark,* supra, and the defendant could sustain the heavy burden of proof to effectively establish that the coercive nature of the penal conditions was directly related to the root decision of whether to enter a plea, it may be undesirable to write off the defendant's contention under the broad statement of *Verdon* and cases following. Divisions between the voluntariness of the plea and allegations of a coerced decision to enter that plea seem tenuous.

Perhaps such a division need not be drawn here. It might be assumed, arguendo, that dissatisfaction with inhumane jail conditions could be a factor in assessing the voluntariness of a guilty plea and the particular defendant might still be entitled to no relief because the trier of fact has concluded that this dissatisfaction was not a significant factor in the present case. To understand this alternative resolution certain additional factual occurrences must be examined. On the morning of the plea proceedings, the appellant and his partner attempted an escape. They were apprehended almost immediately. Appellant claims that following his apprehension, he was taken into a cell behind the court room and beaten and threatened by police officers. He claims that this incident was an additional element coercing him to enter his guilty plea. The State produced two witnesses at the evidentiary hearing to counter the defendant's testimony on this point. One witness directly denied the occurrence of any such beatings. This created a contested issue of fact which was uniquely within the province of the trial judge to determine, *Shoemake v. State,* 462 S.W.2d 772 (Mo.Banc 1971) and *Watson v. State,* 475 S.W.2d 8 (Mo.1972). Apparently the

trial judge did not believe the defendant's claim of beatings on the morning of the plea. More relevant to the present discussion of the coercive effect of the city jail beating on the entry of the plea is part of the testimony of the appellant's attorney. The defense attorney testified that he had conferred with appellant the evening before the plea proceedings and appellant still did not wish to plead guilty. The appellant's refusal was in spite of the fact that the beatings which allegedly coerced his plea had been particularly intolerable for the three previous months. The court may well have found that the appellant's overnight decision to enter a guilty plea was not a coerced product of inhumane penal conditions but rather a decision motivated by defense counsel's confrontation of appellant on the morning of the plea with the fact that his attempted escape could and would be used as evidence against him in any subsequent trial. The trial judge's finding that the entry of the guilty plea was voluntary apparently discredited appellant's claim of coercion. Such a finding is permissible even if there was no evidence offered by the State to the contrary, *Shoemake v. State,* supra, at 775; *Griffin v. State,* 513 S.W.2d 706, 710 (Mo.App.1974); *Hamel v. State,* 508 S.W.2d 288, 294 (Mo.App.1974). The preceding scenario reveals a factual determination upon which a finding of voluntariness would not be clearly erroneous and, therefore, not subject to reversal by the appellant court, Rule 27.26(j). The appellant's claim of an involuntary guilty plea due to coercion is thus rejected.

Upon close examination, the other two contentions of the appellant prove equally unavailing. Appellant's second contention is that he was not fully aware of the consequences of his plea because the court at the plea proceeding failed to inform him of the nature of the charges in Count II or the range of punishment or that the life sentences would be imposed consecutively rather than concurrently. The transcript of the proceedings belies two of these

allegations. The appellant was informed of the nature of the charges by the recounting by the prosecutor of the events underlying the charge. The appellant admitted that the facts were substantially true. Such an acknowledgment by the appellant of the essential facts of the charge has been held sufficient to satisfy the requirements of understanding embodied in Rule 25.04; *Jones v. State,* 471 S.W.2d 223, 228 (Mo. 1971) and *Fisk v. State,* 515 S.W.2d 865, 868 (Mo.App.1974). The transcript also reveals that the appellant was informed that the life sentences imposed were to run consecutively rather than concurrently. Appellant's claim that he was not informed of the range of punishment on Count II of the indictment may not be answered as easily. Nowhere in the transcript is there any clear indication that appellant was informed by the court of the express range of punishment for assault with intent to kill. The State attempts to de-emphasize this omission by reference to *Verdon v. United States,* supra, at 553, where the court suggests:

> ". . . Awareness of the possible range of sentence, when mentioned, is . . . only one of several factors involved. It is not a factor which, alone and bare, demands in its absence a vacation of a sentence. The circumstances of each case are important."

Various circumstances have been accepted by courts as overcoming the failure of the sentencing court to inform the defendant of the range of punishment. In *Verdon,* the additional pertinent circumstance was the fact that Verdon was a past offender with extensive prior knowledge of the criminal justice system. The existence of defendant's prior criminal record was also found significant in *State v. Pedicord,* 437 S.W.2d 87 (Mo.1969) and *State v. Garrett,* 510 S.W.2d 203 (Mo.App.1974). Apparently, this circumstance was deemed to give the defendant a reasonable notion of what the likely consequences of his plea were. Admissions by the defendant that he independently knew of the range of punishment have also been held to obviate the need for the sentencing court to state the range of punishment in the record, *Carter v. State,* 472 S.W.2d 370, 372 (Mo.1971); *Jones v. State,* 471 S.W.2d 223, 228 (Mo.1971); *State v. Conner,* 500 S.W.2d 300, 304 (Mo.App. 1973). Defendant's discussion with defense counsel prior to entry of the plea may also be sufficient, *Quinn v. State,* 515 S.W.2d 603 (Mo.App.1974); *State v. Garrett,* supra; *State v. Pedicord,* supra. In the present case, the additional circumstances legitimizing the trial court's finding that the guilty plea was voluntarily and intelligently made were discussions between appellant and his attorney at which time appellant was made aware of the State's recommendation of consecutive life sentences and the fact that appellant was clearly informed of the range of punishment on Count I. In light of these factors, appellant could be held to know at least the most serious likely consequences of his plea. Appellant has failed to demonstrate the manifest injustice, Rule 27.25, which resulted from the failure to inform him of the minimum possible punishment for a charge of assault with intent to kill.

The court's reading of the cases cited by the appellant in support of this general argument of non-compliance with Rule 25.-04 reveals that they are inapposite. *State v. Arnold,* 419 S.W.2d 59, 62 (Mo.1967); *State v. Blaylock,* 394 S.W.2d 364, 366 (Mo. 1965) and *State v. Smith,* 421 S.W.2d 501, 504 (Mo.1967), the cases relied upon by the appellant, all involve egregiously inadequate plea records unlike the extensive interview conducted by the trial court in the present case. Thus we reject appellant's second contention.

■■ The final contention of the appellant involves alleged ineffective assistance of counsel. Two specific instances of inadequacy are suggested. Appellant claims that his attorney advised him that he would receive concurrent rather than consecutive life sentences. The testimony of the attorney at the evidentiary hearing, however, disputes this claim. The conflicting testimony created a question of fact which the

trial court apparently resolved against the defendant. At oral argument, the appellant suggested as an additional instance of inadequacy the failure of the defense attorney to request a continuance of the plea proceedings when the attorney became aware of the condition of appellant on the morning of the plea. The suggestion is that appellant was in such a state of anxiety following the aborted escape and alleged beating by the sheriffs that to delay the proceedings would have been desirable. The contention cannot be sustained. As previously discussed in connection with the appellant's first contention, the occurrence of the beatings was questioned. The claimed state of anxiety resulting from the attempted escape may also be minimized in light of the testimony in the transcript that the attorney found the defendant to be wholly rational in a discussion immediately preceding the entry of the guilty plea. Judged against the current standard of whether the action or inaction of counsel was "of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial . . ." *Thomas v. State*, 516 S.W.2d 761, 765 (Mo. App.1974); *Cook v. State*, 511 S.W.2d 877, 882 (Mo.App.1974), the conduct of the defense attorney in the present case is certainly not damnable. As with other claims in an action for post-conviction relief, appellant has the burden of proof, *Crow v. State*, 514 S.W.2d 13, 14 (Mo.App.1974) and *Cook v. State*, supra. The trial court found that appellant had failed to sustain such burden and specifically that the defendant had been properly and ably represented by his defense attorney. Our examination reveals that this finding was not clearly erroneous.

After a thorough review of the appellant's claims, the transcript of the proceedings and the pertinent law, all of the claims of the appellant are rejected. We, therefore, affirm the judgment of the circuit court.

SIMEONE, P. J., and GUNN, J., concur.