Billy WARD, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29302.

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Ronald F. Fisk, Nevada, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

PER CURIAM:

Defendant pleaded guilty on September 22, 1975, to receiving stolen property in

violation of § 560.270 RSMo 1969, and he was sentenced to 5 years imprisonment. Thereafter on March 18, 1976, he filed his present motion to set aside the conviction under Rule 27.26. From a denial of that motion, defendant appeals.

His Point on Appeal is that the trial court erred in finding and concluding that the guilty plea was entered knowingly and voluntarily. In support, defendant argues that his evidence established that: 1) he had a meritorious defense; 2) his trial counsel ignored that defense and was concerned only with pleading him guilty; 3) trial counsel misinformed him about the elements of the crime to which he pleaded guilty; and 4) his treatment in jail coupled with extreme boredom and inactivity put him in a frame of mind conducive to making an involuntary plea of guilty.

 The burden of proof was on defendant to establish his grounds for relief. Rule 27.26(f). The trial court had the right, as it did here, to reject the testimony introduced on behalf of defendant even though there was no contrary evidence offered by the State. *Shoemake v. State*, 462 S.W.2d 772, l.c. 775 (Mo. banc 1971); *State v. Taylor*, 529 S.W.2d 427, l.c. 430 (Mo.App.1975).

The transcript has been carefully reviewed and it cannot be said that the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). An extended opinion would have no precedential value. The judgment is therefore affirmed under Rule 84.16(b).