Gary MERRITT, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28979.

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1977.

Richard J. Yocum, Asst. Public Defender, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial, after evidentiary hearing, of motion under Rule 27.26 to vacate and set aside or correct judgments of conviction and consecutive sentences of four and five years following guilty pleas to burglary, second degree, and robbery, first degree. Appellant's questions go to whether his guilty pleas were voluntarily entered, asserting: (I) that he was not advised of his Sixth Amendment rights to remain silent, to appeal, and collateral consequences of conviction; (II) that the court "used untried cases to enhance punishment"; (III) that he was "operating under a false impression or misapprehension" that if he went to trial "the prosecutor would file under the habitual criminal statute and defendant would get a mandatory life sentence if convicted of the robbery."

On April 1, 1974, Gary Merritt, with counsel, pleaded guilty to burglary, second degree, at which time the court ascertained that defendant was 20 years of age, educated to the eighth grade, a resident of the state penitentiary on a prior plea of guilty to burglary, second degree, and his understanding of the elements and consequences of a jury trial. In addition, defendant recited facts proving his guilt of the burglary charge to which he had pleaded guilty. Defendant also denied that he was offered any threats or other inducements leading to a guilty plea. The court deferred sentencing pending consideration of a presentence investigation.

On May 13, 1974, the court, after consideration of the presentence investigation, and that the burglary was a second offense, sentenced defendant to four years' imprisonment less 77 days' jail time.

On May 31, 1974, Gary Merritt, with counsel, pleaded guilty to robbery, first degree, at which time the court again ascertained defendant's understanding of the elements and consequences of a jury trial, and the absence of promises or other inducements to waiver of a jury trial, and his knowledge and understanding of the consequences of a recommendation by the State of a five-year sentence on a guilty plea. In addition, defendant recited facts proving his guilt of the robbery charge to which he had pleaded guilty. The court recognized that defendant had been "in trouble before," denied defendant's request for concurrent sentences, accepted the State's recommendation, and sentenced defendant to five years' imprisonment consecutive to the sentence imposed on the burglary charge on May 13, 1974.

The motion to vacate, as amended, alleged that movant's sentences were imposed "by the use and consideration of untried crimes"; that movant's guilty pleas were the products of "coercion and duress" in that "the prosecutor threatened to try movant under the habitual criminal statute" if he did not plead guilty; that he was under the impression that trial "under the habitual criminal statute was a mandatory life sentence"; that he was not informed of the range of punishment, Fifth and Sixth Amendment rights and right of appeal following conviction.

Movant was accorded a hearing July 23, 1976. He took the position that he was entitled to relief on grounds that at the time he pleaded guilty to robbery he was threatened by the prosecuting attorney "that he would get a life sentence under the habitual criminal act, and the state has not produced Mr. England to rebut that claim"; and that as to the burglary, "he wasn't apprised of all of his rights  *  *  * ." Movant also testified that he was "stoned" on drugs to the point he did not know what he was doing.

The court found defendant was not under the influence of drugs at the time of his guilty pleas; that he pleaded guilty to burglary and robbery because he was guilty; that he did not believe movant's story of threats.

Movant had the burden to prove his grounds for relief. And appellate review is limited to whether the trial court's

judgment in denial of relief is "clearly erroneous." Rule 27.26(f) and (j), V.A.M.R.; *Crosswhite v. State*, 426 S.W.2d 67, 70 (Mo. 1968); *State v. Taylor*, 529 S.W.2d 427 (Mo. App.1975). Cf. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), with respect to review of cases under Rule 73. Weight and credibility of the evidence is peculiarly within the province of the trial court, *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo.banc 1971); and a trial court's finding that a guilty plea was voluntarily entered in discredit of movant's claims of coercion and misunderstanding is permissible in absence of evidence to the contrary. *State v. Taylor*, supra, l.c. 430[2, 3].

Application of the above principles in the circumstances of this case impels a conclusion that no error of law appears; that the findings, conclusions and judgment of the trial court are not clearly erroneous; and that judgment should be affirmed under Rule 84.16(b). *Baysinger v. State*, 552 S.W.2d 359 (Mo.App.1977).

Judgment affirmed.

All concur.