**24**

Ernest L. HINES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 30994.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Fred Slough, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Michael A. Scearce, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Ernest Hines filed a 27.26 motion following a guilty plea to a charge of stealing more than $50. He was sentenced to a term of four years following a plea bargain. At the hearing on his motion, Hines contended he did not voluntarily plead guilty because his plea was based solely on the advice of two attorneys from the Public Defender's office that he had to plead guilty because he would receive the maximum sentence if he went to trial and because they would not call his girl friend as an alibi witness.

At the evidentiary hearing, Hines, his girl friend, and the two attorneys testified. The court made findings of fact and conclusions of law in which it found that Hines' plea was voluntary and he had been effectively represented. The court indicated it did not believe the evidence presented on behalf of Hines.

In a 27.26 motion the trial court has the right to determine conflicts in the evidence and need not accept the movant's evidence as true. *State v. Garrett*, 510 S.W.2d 203, 206[3] (Mo.App. 1974). After a guilty plea, the only question regarding adequacy of representation is the extent to which the incompetency of counsel, if any, bears on the issue of voluntariness of the plea. *Garrett* at 206[4–7]. Here, the court found against Hines on all the contentions presented by him bearing on the competency of the attorneys who represented him. This finding was supported by substantial evidence and is certainly not clearly erroneous.

The judgment is affirmed.

All concur.