**Norman OLDHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52628.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 21, 1987.

Application to Transfer Denied Dec. 15, 1987.

Beverly A. Beimdiek, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Norman Oldham, defendant, appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. Defendant

entered a guilty plea to two counts of second degree burglary and was sentenced, after a presentence investigation had been conducted, to two concurrent six year terms of imprisonment. On appeal, defendant alleges that his guilty plea was involuntary. Finding defendant's contention to be without merit, we affirm.

In a Rule 27.26 motion to set aside a guilty plea, appellate review is limited to a determination of whether the findings, conclusions and judgment of the lower court are clearly erroneous. Rule 27.26(j); *Harkins v. State*, 494 S.W.2d 7, 12 (Mo.1973); *Deaton v. State*, 705 S.W.2d 70, 73 (Mo. App., E.D.1985). The judgment of the trial court on a motion to vacate sentence is clearly erroneous only if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Anderson v. State*, 487 S.W.2d 455, 460 (Mo.1972); *Sanders v. State*, 716 S.W.2d 844, 846 (Mo. App., E.D.1986).

Defendant contends that he pled guilty on the mistaken belief that he would receive probation, and that this belief was based on a promise by his counsel that probation would be granted in return for a plea of guilty. In order to be valid a guilty plea must be intelligently and voluntarily given and such must be evidenced by the record as a whole. *Schellert v. State*, 569 S.W.2d 735, 738 (Mo. banc 1978). The defendant must understand the consequences of his plea. *State v. Bonds*, 521 S.W.2d 18, 20 (Mo.App., E.D.1975).

The record in this case demonstrates that defendant's plea was voluntary; defendant was fully cognizant of the consequences attending to his guilty plea. During the course of the guilty plea proceeding by Judge Jean C. Hamilton, the court asked defendant whether any threats or promises had been made which resulted in the guilty plea and whether anyone had told him to lie or to withhold information from the court, to which inquiries defendant answered in the negative. As well, defendant's counsel testified that she did not promise defendant that he would receive probation if he pled guilty; rather, she indicated that she *hoped*

the court would grant probation. The only evidence supporting defendant's claim is his own testimony that counsel had instructed him, "Do not tell the judge that you were promised anything." The lower court, in ruling on this conflicting evidence, did not find defendant's testimony to be credible. The credibility of witnesses in a Rule 27.26 proceeding is a determination to be made by the lower court which will not be disturbed on appeal unless the court's finding is clearly erroneous. *Campbell v. State*, 515 S.W.2d 453, 456 (Mo.1974). We do not find the court's conclusion to be clearly erroneous. Additionally, the facts at the guilty plea proceeding show that the judge emphasized her right to consider the full range of punishment, stating "[We] are not proceeding by any particular bargain. You are pleading nonpursuant and so the full range of punishment will be considered." Following these warnings from the court, defendant pled guilty. Thus, defendant's contention that he was promised that he would receive probation if he pled guilty is refuted by both the guilty plea record and testimony at the Rule 27.26 hearing. *See State v. Nebbitt*, 712 S.W.2d 430 (Mo.App., E.D.1986); *Reeder v. State*, 712 S.W.2d 431, 433 (Mo.App., E.D.1986).

A disappointed hope of a lesser sentence than that actually received does not render a plea of guilty involuntary when that hope was not based upon positive representations upon which a defendant is entitled to rely. *State v. Bonds*, 521 S.W.2d 18, 21 (Mo.App., E.D.1975). "A plea is not involuntary merely because of an unreasonable expectation or disappointed hope of a lesser sentence." *State v. Choate*, 588 S.W.2d 163, 165 (Mo.App., E.D.1979). The evidence in this case demonstrates that defendant merely *hoped* to receive probation in return for a guilty plea.

Defendant also argues that it was error for counsel to have allegedly refused to comply with defendant's presentence request to withdraw his guilty plea. However, a presentence motion to withdraw a guilty plea will only be granted to correct manifest injustice. *Moore v. State*, 624 S.W.2d 520, 522 (Mo.App., W.D.1981). Here, the record at both the guilty plea

proceeding and the hearing on the Rule 27.26 motion demonstrates that defendant was aware of the consequences of his plea and, therefore, no manifest injustice could have resulted from the acceptance of the plea. *Canada v. State,* 505 S.W.2d 42, 43 (Mo.1974).

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.