Randy J. KNIGHT, Appellant,

v.

STATE of Missouri, Respondent.

No. 15560.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1988.

Motion for Rehearing or Transfer
Denied Nov. 22, 1988.

Larry C. Pace, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This appeal is taken from the denial of a motion to withdraw a plea of guilty and to set aside judgment under former Rule 27.-26, now superseded. Inasmuch as sentence was pronounced before January 1, 1988, and this proceeding was pending at that time, this appeal is governed by the law applicable to former Rule 27.26. Rule 24.-035(b).

On May 13, 1986, the movant (hereinafter Knight or the defendant) pled guilty to a charge of second-degree burglary in violation of § 569.170, RSMo 1986. Pursuant to a plea bargain, defendant's punishment was assessed at imprisonment for a term of ten years. On December 1, 1986, defendant filed a motion to withdraw his guilty plea and vacate the sentence imposed. Relief was denied and the defendant appealed.

The appeal has been most inadequately briefed and presented. The hearing on the postconviction motion generated a record of more than 80 pages; the transcript of the plea of guilty ran to 21 pages, excluding the title page and the certificate. Nevertheless counsel on appeal has limited himself to a seven-sentence "statement of facts" which is wholly insufficient as a "fair and concise statement of the facts relevant to the questions presented for determination ..." as required by Rule 84.-04(c). Further, in order to determine whether the defendant's plea was knowingly and voluntarily entered, this court was obliged to order the record supplemented by inclusion of the transcript of the guilty plea. The brief is so patently inadequate as to justify our dismissal of the appeal, *Overall v. State*, 540 S.W.2d 637, 638 (Mo. App.1976), but in the exercise of discretion we address the defendant's complaints as we are given to understand them.

We are obliged to look to the motion court's findings of fact to determine the factual background of the appeal. Those findings recite that in 1985, Randy Knight was charged with burglarizing the Church of God Holiness building in Lowry City, Missouri, and stealing personalty from the church. Both crimes charged are Class C felonies.

Knight was indigent. Through the Public Defender's Office, Mr. Dan Purdy, an experienced attorney who maintains his office at Osceola, Missouri, was appointed to represent him. Knight pled not guilty to the charges of burglary and stealing and trial of the cause was set for May 13, 1986. At the time, Knight was serving a seven-year sentence imposed after he was convicted of stealing cattle in 1983.

Knight appeared in the Circuit Court of St. Clair County on May 13, 1986. The transcript of the guilty plea, made as required by Rule 24.03, shows that the trial court addressed Knight personally in open court as required by Rule 24.02(b). His interrogation began thus:

\* \* \* \* \* \*

"THE COURT: The record indicates that on October 7, 1985 you [Knight] appeared here in person and with your attorney Dan K. Purdy and entered a plea of not guilty to the burglary and stealing charged in the Information, after you had waived the reading of the Information. Now what is the purpose of your appearance here today?

MR. PURDY: If, Your Honor, please, at this time the Defendant would ask leave of Court to withdraw his plea of not guilty and enter a plea of guilty pursuant to plea negotiations with the State.

THE COURT: Do you understand, Mr. Knight, that you are charged with a Class C felony of burglary and the Class C felony of stealing in this Information?

MR. PURDY: Let me correct that, Your Honor. The Defendant is pleading guilty to the Class C felony of burglary. We understand the State will be dismissing the stealing charge.

MR. ASH:[1] That's correct, Your Honor.

THE COURT: Do you want to plead guilty to the Class C felony of burglary then, Mr. Knight?

MR. KNIGHT: That's correct."

\* \* \* \* \* \*

Knight was then sworn and the court then proceeded to examine him on oath. The court addressed him further as follows:

\* \* \* \* \* \*

"[THE COURT]: Now the State has charged you as a persistent offender. It appears that they charged you in the past being convicted at separate times of, they charged you in the past but you have been convicted of four felonies that occurred at different times. Do you also understand that that is what you have been charged with doing?

[MR. KNIGHT]: I wasn't understanding that as what was told to me, no.

\* \* \* \* \* \*

MR. PURDY: Well, you understood, Randy, and I explained it to you that you were charged as a persistent offender.

[MR. KNIGHT]: Prior offender on the last case I was before him on.

\* \* \* \* \* \*

MR. PURDY: Now, you are a persistent offender. Now you recall the last time we argued about the validity of some of these convictions?

[MR. KNIGHT]: That's correct.

\* \* \* \* \* \*

MR. PURDY: *We are talking about the record, but now you have two more felonies committed at different times previously which makes you a persistent offender standing here being charged here with the third one.*

[MR. KNIGHT]: So I am being tried as a persistent offender?

\* \* \* \* \* \*

[MR. KNIGHT]: I am charged, is that what we are talking about?

THE COURT: And that has to do with the range of punishment this—

[MR. KNIGHT]: At this time.

MR. PURDY: Right.

[MR. KNIGHT]: On this case, not on the last case, this case?

MR. PURDY: *No, we are talking about the case in Court, you are a persistent offender.*

[MR. KNIGHT]: *O'kay.*

THE COURT: What do you understand, Mr. Knight, is the maximum sentence you could receive on this particular burglary charge as a persistent offender?

[MR. KNIGHT]: Ten year sentence, Your Honor.

MR. PURDY: No.

THE COURT: The maximum.

---

**1.** Mr. Michael L. Ash represented the State as Prosecuting Attorney of St. Clair County.

[MR. KNIGHT]: Oh, the maximum, excuse me, yes, he explained to me it would be more than a ten year sentence.

THE COURT: What do you understand is the maximum sentence you could receive on this charge, if you were found to be a persistent offender?

MR. PURDY: Did I advise you, you could be sentenced up to fifteen years?

[MR. KNIGHT]: That's correct, Your Honor, now that I understood that part from my attorney, yes, Your Honor. That has nothing to do with the agreement.

THE COURT: That's right, that is the maximum.

[MR. KNIGHT]: I understand.

THE COURT: That is the maximum.

[MR. KNIGHT]: He told me that prior to this, numerous times that fifteen years was the maximum that I would be able to be given on this type of charge. I understand that." (Our emphasis.)

Without quoting the transcript of the guilty plea verbatim, we observe that the trial court advised Knight he had a right to a jury trial; that the State would have the burden of proving his guilt beyond a reasonable doubt, and that if he could not afford an attorney, counsel would be appointed to represent him. The trial court also explained to Knight that he would have the right to confront and examine the witnesses called by the State and the right to subpoena witnesses in his own behalf. Knight was also advised of his right to testify and his privilege against self-incrimination. Knight was advised, and stated he understood, that if he pled guilty he would waive the rights which had been explained to him.

The court then addressed the Prosecuting Attorney thus:

\* \* \* \* \* \*

"THE COURT: Mr. Ash, have you indicated to the defendant or to his attorney what you would recommend if he pled guilty to this Class C felony of burglary in the second degree as charged in the Information?

MR. ASH: Yes, I have.

THE COURT: What did you indicate?

MR. ASH: I indicated to him that I would recommend he be sentenced to ten years in the State Penitentiary, that he would be given credit for time actually served in the St. Clair County Jail. I have also indicated to him that the misdemeanor charge of escape that was filed would be dismissed.

MR. PURDY: Also, that the ten years would be to run concurrent with any other sentence he was serving.

MR. ASH: Yes, and that ten years would run concurrent with any other sentencing on CR505–189FX.

THE COURT: Which is the stealing charge?

MR. ASH: Which is the stealing charge and the cattle theft charge.

THE COURT: Let me ask for clarification. Are you serving any other sentences other than the one for this cattle theft?

[MR. KNIGHT]: No, Your Honor, I am not. There is one case and one case only.

THE COURT: O'kay. Now, Mr. Purdy, was that what you thought the court would recommend?

MR. PURDY: That was my understanding, Your Honor.

THE COURT: Mr. Knight, did you understand what Mr. Ash said?

[MR. KNIGHT]: Yes, Your Honor, at that time.

MR. PURDY: All charges you understand, all charges are being dismissed; all Counts are being dismissed except Count I charging the burglary?

[MR. KNIGHT]: Yes.

\* \* \* \* \* \*

[THE COURT]: You can waive your rights that you and I have discussed here this morning and plead guilty if you want to or you can exercise your rights and I need to know from you what you intend to do?

[MR. KNIGHT]: O'kay, what I intend to do, Your Honor, is to waive my rights and plead guilty to the charge."

\* \* \* \* \* \*

Knight then admitted that on September 2, 1985, he broke and entered into a building known as the Church of God Holiness for the purpose of committing a theft. The trial court then addressed Knight further, thus:

\*  \*  \*  \*  \*  \*

"THE COURT: This Court finds that the Defendant's plea of guilty is made voluntarily and intelligently and with a full understanding of the charge and consequences of the plea and with a full understanding of his rights attending a jury trial.... The Court also finds that there is a factual basis for the plea. The plea of guilty is accepted and the Defendant is found guilty of the Class C felony of burglary in the second degree as set forth in Count I of the Information.

Mr. Knight, do you admit that on or about October 1, 1984, in the Circuit Court of St. Clair County, Missouri, in Case No. CR583–189FX you were convicted of the felony of stealing?

MR. PURDY: That was the cattle theft charge.

[MR. KNIGHT]: The theft charge, yeah, that is correct.

THE COURT: And do you admit that on or about April 23, 1981, in the Circuit Court of St. Clair County, Missouri, you were convicted in Case No. CR580–135FX of the felony of stealing?

MR. PURDY: Judge, may I rephrase the question?

THE COURT: Yes.

MR. PURDY: Mr. Knight, is it—you admit that on or about April 23, 1981, that you entered pleas of guilty to and were found guilty of one or more of three felonies charged here, CR580–135FX and CR580–124FX and CR580–164FX?

[MR. KNIGHT]: One or more of those, yes, yes.

THE COURT: O'kay, the Court further finds, then that—well let me ask one other question then. The cattle stealing that your serving time on now, that crime had nothing to do with April 23, 1981 pleas or crimes charged then?

[MR. KNIGHT]: No, Your Honor, that was where you people charged me as a prior offender and that had nothing to do with that whatsoever.

THE COURT: The offenses of cattle stealing was one deal and the deals in 1981 were separate.

[MR. KNIGHT]: Totally separate.

THE COURT: Separate transactions?

[MR. KNIGHT]: That's correct, the cattle deal was the last charge that I am serving now.

THE COURT: The Court finds that the defendant is a persistent offender as set forth in the statutes in that he has been convicted of two felonies committed at different times and all of that is found to be beyond a reasonable doubt.

Mr. Knight, do you know of any just or legal reason why sentence should not now be imposed upon you on this charge?

[MR. KNIGHT]: On this charge, no, sir.

THE COURT: O'kay. It is the judgment and sentence of this Court that for the Class C felony of burglary of the Church of God as set forth in Count I that you be confined in the Missouri Department of Corrections for a term of ten years. You will be given credit for time served in the St. Clair County Jail on this charge, that sentence I have just given you will run concurrently with your conviction in Case No. CR583–189FX in this Court. The sheriff will be allowed one extra guard for transportation."

■ The sole point advanced here is that the motion court erroneously denied relief because Knight did not receive the effective assistance of counsel in two respects, viz, counsel did not advise Knight of the consequences of pleading guilty and did not inform him that he would be sentenced as a persistent offender. The Supreme Court of the United States has held that to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that counsel's assistance was not within the range of competence demanded of counsel in criminal cases, and that there is a reasonable probability that

without the error, the defendant would not have pled guilty. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Nevertheless, when a criminal defendant seeks to withdraw his plea of guilty and vacate the sentence imposed thereon, he has the burden to show by a preponderance of the evidence that acceptance of his plea has caused a manifest injustice. *Winford v. State,* 485 S.W.2d 43, 49[2–4] (Mo.banc 1972); *Huffman v. State,* 703 S.W.2d 566, 567–68 (Mo.App.1986); *Deck v. State,* 682 S.W.2d 874, 877[3] (Mo.App.1984). Further, if the whole record, including the record made at the time of the plea and that made at the postconviction hearing warrants a finding that the defendant was in fact aware of the consequences of his plea, no manifest injustice can have resulted from the acceptance of the plea. *Canada v. State,* 505 S.W.2d 42, 43 (Mo.1974); *Oldham v. State,* 740 S.W.2d 213, 214–15 (Mo.App.1987). Considering these general principles together, we conclude that if the whole record shows the defendant was made aware of the consequences of entering a plea of guilty, and was advised that he was being charged as a persistent offender—a fact that might enhance his punishment—it is of no consequence that he was so advised by the trial court or by the trial court and counsel, acting together, before the plea of guilty was entered.

We believe that in this case we need consider only the transcript of the plea of guilty. At the hearing on the postconviction motion, Knight adduced some evidence which tended to contradict the transcript of the plea of guilty, but it was within the province of the motion court to determine the credibility of the witnesses, and it had the right to reject the testimony Knight gave at the postconviction hearing. *Huffman v. State,* 668 S.W.2d 255, 256[1] (Mo.App.1984); *Hines v. State,* 603 S.W.2d 24 (Mo.App.1980); *Helms v. State,* 584 S.W.2d 607, 608 (Mo.App.1979). As far as being advised of the "consequences" of pleading guilty is concerned, the trial court followed the dictates of Rule 24.02(b) almost literally. And, as the transcript of the guilty plea shows, Knight's trial counsel advised him that he was a "persistent offender" and that he was being charged as such. Counsel's advice that Knight was a "persistent offender" was correct, because under the provisions of § 558.016.3, RSMo 1986, a "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. To reiterate and clarify our holding, an examination of the transcript of the guilty plea shows that Knight was advised of the consequences of his plea of guilty by the trial court in accordance with Rule 24.02(b). He is in no position to claim prejudice, therefore, if his counsel did not specifically advise him of the same matters. Moreover, at the time he was sentenced, Knight admitted that on October 1, 1984, he had been convicted of stealing and that in 1981 he pleaded guilty to one or more felonies. Knight was a persistent offender and to reiterate, was properly advised that he was. The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.