**Donald Gene SPAIN, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 16158.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 18, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Donald L. Clough, Springfield, for movant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Donald Gene Spain appeals from the motion court's order, after evidentiary hearing, overruling his Rule 27.26[1] motion to vacate his conviction on two charges of selling a controlled substance (cocaine), following his guilty pleas to the charges and ensuing 16–year concurrent sentences.

The only ground preserved for appellate review is Spain's contention that his guilty pleas were involuntary because his trial counsel did not tell him that he would have to wait at least five years after incarceration before he could apply for parole. Following the evidentiary hearing, the motion court made findings of fact and conclusions of law, which included the conclusion that the guilty pleas made by Spain were freely and voluntarily given. Our review is limited to a determination of whether those findings and conclusions were clearly erroneous. Rule 27.26(j).

---

1. In its findings, conclusions, and order denying relief, the motion court recited that the proceeding to vacate Spain's sentences was brought under Supreme Court Rule 24.035. This was incorrect, as Rule 24.035 did not become effective until January 1, 1988. Page 131, Missouri Rules of Court (20th ed.1989). This proceeding continues to be governed by former Rule 27.26, repealed January 1, 1988, as the motion to vacate in this case was filed November 24, 1987, and Rule 27.26 was in full force and effect at that time. However, the same standard of review is mandated under both rules, which are Rule 27.26(j) and Rule 24.035(j).

We have read the transcript of the evidentiary hearing and the record furnished to us concerning Spain's pleas of guilty to the charges in question. His pleas of guilty were unequivocal and were made with full knowledge that he would receive 16–year concurrent sentences on the two charges. There is nothing in the record to show that his attorney told him anything that would lead Spain to believe that his prison term would be shortened by early parole from his 16–year sentences.

Spain's ill founded hope, if true, that he would be entitled to a parole hearing on the 16–year sentences earlier than he would have received on 20–year sentences under an earlier plea bargain proposal from the prosecutor, which Spain rejected, did not invalidate the guilty pleas that he freely and voluntarily made. *Oldham v. State*, 740 S.W.2d 213, 214 (Mo.App.1987); *Slankard v. State*, 525 S.W.2d 101, 102 (Mo. App.1975).

The motion court's findings, conclusions, and order denying relief were not clearly erroneous, and are affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.