Charles Wayne O'NEAL, Appellant,

v.

STATE of Missouri, Respondent.

No. 57584.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

James E. Cafer, Vandalia, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Charles Wayne O'Neal was found guilty by a jury of the murder of his wife and sentenced to imprisonment for a term of ten years. This court affirmed. State v. O'Neal, Mo., 436 S.W.2d 241. He now appeals from the judgment of the trial court denying relief in his post-conviction proceeding pursuant to Supreme Court Rule 27.26, V.A.M.R.

■ Appellant first challenges the sufficiency of the information, and in his motion he sets forth twenty-seven contentions. At trial and on the appeal from the judgment of conviction no challenge to the information was made, and on the previous appeal this court "examined the entire record," as was then required, and found no reversible error. However, in an overabundance of caution we have carefully reviewed each contention alleged and find no merit in any of them. For the most part

they are trivial in nature. For example, he contends, among other things, that the information does not allege "that movant was the defendant" who made the assault upon his wife because, after using his name in the first part of the information, he is thereafter referred to as "said defendant" and not by name; the information does not allege that the assault was made "feloniously" even though in the information it was stated that "Charles Wayne O'Neal willfully and feloniously" committed the offense; and that although it is alleged he "premeditatively, deliberately, on purpose, and of malice aforethought, made an assault," it did not allege that "the wounding was so inflicted." This court has long since abandoned the extremely technical requirements of common law indictments. State v. Brookshire, Mo., 368 S.W.2d 373, 380. See also the case of State v. Haynes, Mo., 329 S.W.2d 640, where certain omissions from an information were considered, and where the court said that when no attack was made on the information before trial, any indefiniteness may not be considered after verdict. The information in this case was sufficient to inform appellant of the charge he was called upon to defend against, and to bar any further prosecution for that same offense.

In several of the remaining challenges to his conviction which are alleged in his motion, appellant sets forth various matters which, if true, constituted no more than trial errors, and which were not presented in the motion for new trial and were not reviewed in the direct appeal on the merits. For example, he challenges two instructions; complains about oral argument to which no objection was made; complains about the admission of evidence; and contends that the State's evidence was conflicting. In an effort to bring these matters within the scope of Rule 27.26, appellant asserts that by these occurrences he was denied a "fair and impartial trial."

■ A proceeding under Rule 27.26 is not a substitute for appeal and does not af-

ford a second appeal. Rule 27.26(b)(3); Mace v. State, Mo., 452 S.W.2d 130; Gailes v. State, Mo., 454 S.W.2d 561. Trial errors cannot be brought into the scope of Rule 27.26 by simply alleging as a conclusion that they resulted in an unfair or impartial trial, or that they affected constitutional rights. These various contentions are not reviewable in this 27.26 proceeding.

■ Appellant contends that he was denied a public trial in that he was not present during "all stages" of the proceedings. He has reference to the fact that during the jury deliberations the court received a request that certain testimony be read to them. The record shows that while in chambers the court, with all counsel present, considered the request, and with the express consent of all counsel sent a written communication to the jury to the effect that portions of the testimony could not be reread to them. The record does not show that appellant was present or that he was absent. There was no assignment in the motion for new trial pertaining to this, and the issue was not presented on direct appeal. Appellant relies on Baugh v. Swenson, D.C., 279 F.Supp. 642. In that case the court instructed the jury during its deliberations in the absence of the counsel for accused. In this case counsel was present.

Assuming appellant was not present in the court's chambers with his counsel, he waived either personally or through counsel, any right to be present by failing to object "either at the trial or upon direct appeal." United States v. Re, 2 Cir., 372 F.2d 641, certiorari denied 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352. See also, Henzel v. Florida (State), Fla., 212 So.2d 92, certiorari denied 393 U.S. 1085, 89 S. Ct. 870, 21 L.Ed.2d 778. Appellant makes no contention that the instruction given to the jury was erroneous, or that he would not have consented if he had been present. As stated in the Re case, " 'it is only when there has been the *denial of the substance of a fair trial* that the validity of the proceedings may be * * * collaterally attacked or questioned'."

■ Appellant next makes the allegation, now routine in these proceedings, of ineffectiveness of counsel, even though his counsel was of his own selection who had an excellent reputation and was experienced in the trial of criminal cases. He contends ineffectiveness of counsel resulted because (1) there was no motion for a bill of particulars and no attack on the "defective information"; (2) counsel failed to object to improper closing argument; (3) he failed to "command movant's presence at all proceedings"; (4) he failed to "raise or preserve any of the foregoing" for appellate review; and (5) he failed to request allowance for time spent in jail. We have held the information was sufficient, and appellant makes no effort to show what would have been gained by a motion for a bill of particulars. None of these matters can support a belated claim of ineffective counsel. The "circumstances must [but in this case do not] demonstrate that which amounts to a lawyer's deliberate abdication of this ethical duty to his client." Robinson v. United States, 8 Cir., 448 F.2d 1255. See also Jackson v. State, Mo., 465 S.W.2d 642, and the standard there announced.

■ Appellant next asserts that the failure of his counsel to request credit for the time served in jail awaiting trial, and the failure of the court to grant such credit without a request, violated his constitutional rights pertaining to double jeopardy, due process and equal protection of the laws.

At the time of appellant's conviction and sentence, the allowance of time spent in jail as a credit against the term of the sentence was discretionary with the court. Therefore, the failure to give credit for jailtime did not result in the sentence being in violation of the Constitution and laws of this State or the United States, or that the court was without jurisdiction to impose

the sentence, or that it was in excess of the maximum authorized. Rule 27.26. If jailtime were now granted in this proceeding it would result in the court reducing an otherwise valid sentence; an action not authorized by the rule. Hulett v. State, Mo., 468 S.W.2d 636. The principal of double jeopardy is not involved; there could be no violation of due process of law; and appellant was subject to the same law as all persons in his same situation. Therefore, there was no denial of equal protection of the law.

■ Appellant's last point is that the sheriff was in charge of the jury and also was a witness. There was no objection by appellant to the sheriff testifying or being in charge of the jury. The record shows that the sheriff testified on direct examination only as to his observation of the wounds on the body of the victim, and as to his recovery of a pellet at the scene. He did testify to other matters on cross-examination, but that testimony was brought out by appellant.

In State v. Tyarks, Mo., 433 S.W.2d 568, decided after the trial of this case, it was stated that the practice of a person testifying about matters other than formal aspects of the case and then being in charge of the jury "has been considered acceptable in Missouri and in other jurisdictions." But, it was then held that the practice should no longer be permitted. However, the ruling in that case was expressly held to not have retroactive application. There is no contention that there was any improper conduct on the part of the sheriff. Appellant has not demonstrated how the procedure followed in this case, which was then authorized, resulted in prejudice to him.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.