James BROWN, Movant, Appellant,

v.

STATE of Missouri, Respondent.

No. 34860.

Missouri Court of Appeals,
St. Louis District.

Jan. 23, 1973.

Clyde S. Cahill, Legal Aid Society, Robert Heisler, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., James J. Barta, First Asst. Circuit Atty., Robert Curran, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

Movant, James Brown, was convicted of assault with intent to kill with malice aforethought in the circuit court of the City of St. Louis. This conviction was affirmed by the Missouri Supreme Court in State v. Brown, Mo., 463 S.W.2d 821. He thereupon sought post conviction relief under Rule 27.26, V.A.M.R., and, following an evidentiary hearing, his motion was denied. He now seeks reversal of the trial court's action because of three alleged errors committed by the court in its findings of fact and conclusions of law on the issues presented in the motion. These will be considered in the order presented.

Movant first contends that the trial court failed to find that he was denied effective assistance of counsel. This contention is based upon the alleged failure of trial counsel to offer or present to the court instructions on all lesser included offenses. The court instructed on assault with intent to kill with malice aforethought, assault with intent to kill without malice, and common assault. Movant contends that his counsel should have requested the court to instruct also on the lesser included offenses of assault with intent to kill or to do great bodily harm without malice. The thrust of the contention, of course, is that by so failing to call this to the attention of the court or to make the request for such instructions, counsel at trial inadequately represented movant and thereby movant was not afforded a fair trial.

■ The test to be applied in any post conviction proceeding wherein the court must determine whether, as a result of the conduct of counsel, appellant should be granted a new trial is whether he was improperly convicted as a result of not having had a fair trial. McQueen v. State, Mo. en banc, 475 S.W.2d 111, 117 (concurring opinion by Chief Justice James A. Finch, Jr.). A proceeding under Rule 27.-26 is not a substitute for appeal, however, and does not afford a second appeal. Errors occurring during the trial cannot be the basis of a post conviction proceeding under the rule by simply alleging as a conclusion that they resulted in an unfair trial or that they affected constitutional rights. O'Neal v. State, Mo., 486 S.W.2d 206, 207 [2, 3]. Here movant does not point to any evidence in his case upon which he might base a claim that an instruction on assault with intent to do great bodily harm without malice would have been proper in his case. As previously noted, the court at time of trial did instruct on lesser included offenses. The failure to include instructions on additional lesser included offenses is not error unless such instructions should be given because they were warranted by the evidence. State v. Watson, Mo., 364 S.W.2d 519, 522 [5]; State v. Craig, Mo., 433 S.W.2d 811, 815 [7]. No evidence was pointed out here by movant to justify the submission of the additional lesser offenses in the instructions, and if we are even to consider such trial error to be an indication of inadequacy of counsel, the factual basis upon which such instructions must be based should be asserted by movant in this proceeding.

■ It should be further pointed out that movant was represented in the trial of his case by employed counsel. When so represented he can be heard to complain normally only when that attorney is guilty of willful misconduct without defendant's knowledge which amounts to a breach of the legal duty of an attorney to his client, Holbert v. State, Mo., 439 S.W.2d 507, 509 [5]. Such breach of duty is not in evidence here.

The second contention of the movant is that the trial court erred in the original trial because of its failure to instruct on all lesser included offenses. This is in essence a restatement of the grounds in the first contention for reversal except that the basis of the first contention is inadequate counsel because he failed to urge upon the court the use of these instructions. This time, however, we do not reach the merits of this contention because it is not cognizable in this proceeding. Rule 27.26(b)(3), V.A.M.R., provides that the motion cannot be used "as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Contentions of error in giving or failing to give instructions to the jury are allegations of trial errors and will not be considered in a proceeding to vacate, set aside or correct a judgment of conviction under Rule 27.26, *supra*. State v. Smith, Mo., 411 S.W.2d 208, 210 [7]. It is only where trial errors affect constitutional rights that they may be raised in such a proceeding. Rule 27.26(b)(3), *supra*. The claimed failure of the court here to instruct on the lesser offenses as contended by movant does not rise to the stature of depriving him of constitutional rights. O'Neal v. State, *supra*, Mo., 486 S.W.2d 206, 207 [2].

Movant finally contends that the court erred in the post conviction remedy hearing when it failed to find that the movant was not interrogated by the trial judge as to whether he had voluntarily waived his constitutional rights against self incrimination. The simple answer to this is found in the opinion. State v. Brown, *supra*, Mo., 463 S.W.2d 821. Therein it was stated: "The court explained to defendant that he did not have to testify and that if he took the stand he would be doing so on his own decision. Defendant took the stand and revealed his criminal record." (l. c. 823) "The trial judge advised defendant of his constitutional right not to testify, and made it clear to him that taking the stand would be on his own voli-

tion." (l. c. 824) Movant's trial attorney, a competent lawyer who had been employed by defendant, testified at the evidentiary hearing on the motion that, as a matter of trial strategy after other evidence had come into the case as to movant's prior convictions, he had recommended to the movant that he take the stand. Movant accepted the suggestion and willingly took the stand. There is no basis for this contention of error in the trial court's denial of his motion.

The denial of appellant's motion under Rule 27.26, V.A.M.R., is affirmed.

DOWD, C. J., and McMILLIAN, J., concur.