Donald Dee CAMPBELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 57562.

Supreme Court of Missouri, Division No. 2.

Nov. 12, 1974.

Devon F. Sherwood, Springfield, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

In June of 1968 appellant was found guilty by a jury of murder in the second degree of John Franklin Vaughn and sentenced to imprisonment for twenty-five years. No appeal was taken. On September 15, 1971, he filed a motion pursuant to Rule 27.26, V.A.M.R., to vacate the judgment and sentence. After an evidentiary hearing the motion was overruled. The notice of appeal was filed prior to January 1, 1972, but two extensions of the time to prepare the transcript were granted before the appeal was perfected. Appellate jurisdiction is in this court.

Prior to trial appellant's counsel filed a motion requesting a mental examination of appellant. A lengthy report was filed wherein the doctor found that "at the time the crime was committed" appellant knew and appreciated "the guilt or wrongfulness of his conduct and he was not incapable of conforming his conduct to the requirements of the law as a result of mental disease or defect," and further that appellant did not at the time of the examination "lack the capacity to understand the proceedings against him and to assist in his own defense by reason of mental disease or defect." These findings were not challenged.

Appellant's points on this appeal are that he was denied due process of law because: (1) he was not afforded a complete mental examination prior to trial to determine his competency to assist in his defense because "no inquiry was made to determine if he was under the influence of drugs;" (2) he was tried "while he was under the influence of drugs;" (3) "Confessions of guilt obtained from him while he was under the influence of drugs" were admitted in evidence; (4) he pleaded not guilty by reason of mental disease or defect excluding responsibility, and the trial court "refused his request to instruct the jury that if a

finding was made in accordance with that plea he would be committed to a mental hospital until he was no longer dangerous;" (5) due to the "combined effect of drugs, family encouragement and publicity about his case he failed to assert a meritorious defense to the charge, i. e., that he did not commit the homicide," and (6) "due to the combined influences of drugs, personal encouragement and publicity concerning the case he failed to direct his attorney to file a motion for new trial."

We shall not detail appellant's testimony at the hearing on his motion, but shall set forth its substance.

Appellant admitted that before trial he was examined by two doctors, but he stated that he was not given a complete medical examination because he "only [saw] the psychiatrist once," and he was not "given a chance to go to a hospital." He further testified that at the time his confession was taken in Texas he was "high" on drugs, and that he was under the influence of drugs at the time of trial. He stated that he had lied when he testified at his trial that he killed John Franklin Vaughn, and that the reason he did so was that because of the influence of drugs he had "got to where [he] about half-way believed" he had committed the crime. He also stated that he was enjoying the publicity he was receiving and that he confessed to a crime he had not committed for that reason. Appellant admitted that he never told the officials in Texas to whom he gave a statement, nor the jailers where he was confined in Greene County, nor the examining doctors, nor his lawyer that he was under the influence of or had taken drugs.

The prosecuting attorney, two deputy sheriffs who observed appellant while in jail awaiting trial, and appellant's lawyer each testified that prior to and during trial they saw nothing unusual in the appearance or actions of appellant. His counsel stated that appellant had some gaps in his memory, but that he had no difficulty in communicating with him, and that he never mentioned that he was or had been on drugs.

■ Appellant's challenge to the sufficiency of the medical examination is not a matter that may properly be presented in a proceeding under Rule 27.26. If there was any deficiency in the examination or report of the examining doctors, it was a matter subject to correction at the time, and at most it would constitute a trial error. Bledsoe v. State, 456 S.W.2d 4 (Mo. 1970). However, we shall treat this contention as bearing on the question of whether appellant was tried at a time when he was under the influence of drugs.

The trial court found that "the medical examination was very thorough," and the court stated that in making that determination it had referred to "the reports of Dr. Allison * * * the X-ray report of St. John's Hospital * * * the electroencephalographic department report * * * the radio isotope scan report * * * and Dr. Murney's report." All of these reports are in the record of this case, and we agree that they show a thorough and complete examination.

■ All of appellant's points on this appeal are based on the contention that he was under the influence of drugs at the time of his trial. He claimed he was under the effect of mescaline, a hallucination producing drug with a relative short period of effect. Yet, no evidence of this was found by the examining doctors, and in the medical report it was specifically determined that there was "no evidence of hallucinations or delusions and there was no evidence of an active psychiatric process." Also, no person who was with him or had the opportunity to observe him saw any evidence of him being under the effects of the drug. Aside from the fact that in view of the evidence it would tax one's credulity to accept appellant's version of his condition prior to and at the trial, the trial court made specific findings of fact, and concluded that appellant was not entitled to

have the judgment and sentence vacated "because of his condition drugwise." The credibility of the witnesses, including the movant in a proceeding under Rule 27.26 when he testifies, is an issue for the trial court to determine. The finding is supported by the evidence, and on this review we may not reverse unless the finding is clearly erroneous, which it is not. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

█ The above finding disposes of the first four contentions of appellant in so far as they are based on the alleged influence of drugs. Appellant's argument in support of his contention that because of "personal encouragement and publicity concerning the case" he failed to direct his attorney to file a motion for new trial is, to say the least, unique. He admits that in open court with his counsel present he formally waived the right to file such a motion, and the transcript of that proceeding was introduced in evidence and is before us. The reading of that transcript, and the finding of the trial court based on the answers of appellant and the court's personal observation of him leaves no doubt that appellant's waiver was the result of a considered judgment on his part. There is no explanation of what is meant by "personal encouragement," and there was no proof of what publicity was given to the case, and how that publicity could have caused appellant to forego his right to have counsel file a motion for a new trial.

Appellant argues, in addition to the contention that he was under the influence of mescaline, that "he failed to request his attorney to file a motion for new trial because he had regained a lost sense of self-worth through the trial due to the publicity he had received, encouragement from his family and fellow prisoners." We intentionally express no opinion that such influences would constitute a basis for relief in a proceeding pursuant to Rule 27.26, at least when there is no showing that the influence was so compelling as to result in a loss of reason. There was no proof to sustain these vague arguments. In addition, if it was publicity appellant had wanted, a new trial would have been desired, and the fact that he had "regained a lost sense of self-worth," would also cause him to seek a new trial, if the claim thereto was meritorious, rather than waive it. We find no merit to this contention.

█ The final point is that the trial court failed to give an instruction that if the jury found appellant not guilty by reason of mental disease or defect excluding responsibility, appellant "would be committed to a mental hospital until he was no longer dangerous." There are two reasons why there is no merit to this contention. First, as appellant admits in his brief, at the time of trial there was no requirement to so instruct the jury, and it was not error to refuse to do so, even upon request by the accused. State v. Garrett, 391 S.W.2d 235 (Mo.1965). Second, the failure to instruct properly is a trial error not cognizable in a proceeding under Rule 27.26. Tucker v. State, 481 S.W.2d 10 (Mo.1972). Appellant argues, however, that the failure to give such an instruction, particularly in view of a subsequent amendment to § 552.-030, requiring that such instruction be given if requested by the accused, results in the trial being fundamentally unfair. We do not agree, and there is no merit to this contention.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All the Judges concur.