Robert Jewel YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

No. 37496.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 28, 1976.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Application to Transfer Denied
April 11, 1977.

Taylor H. Hollander, St. Louis, Ron Minkin, Los Angeles, Cal., for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

SMITH, Chief Judge.

Movant appeals from the trial court action denying, without evidentiary hearing, his motion for post-conviction relief pursuant to Rule 27.26, V.A.M.R.

Movant was convicted of Murder in the second degree in March of 1973 and sentenced to fourteen years imprisonment. His conviction was affirmed by this court in *State v. Young*, 510 S.W.2d 732 (Mo.App. 1974). The facts of the underlying case are stated there and will not be repeated here. Movant has raised seven points on appeal. Three deal with the failure of the trial court to give an instruction on manslaughter, one deals with the failure to give a self-defense instruction, one deals with the failure to provide the jury with adequate standards upon which to sentence, one with claimed error in the reasonable doubt instructions, and one with alleged ineffective assistance of counsel.

The failure to give the self-defense instruction was decided on direct appeal. Rule 27.26(b)(3) provides that the 27.-26 procedure is not to be used as a method of second appeal. We will not again review this contention. The point dealing with the reasonable doubt instruction is mere trial error and not properly cognizable under Rule 27.26. In addition this point has been squarely and frequently ruled against movant's contentions. *State v. Davis*, 482 S.W.2d 486 (Mo.1972).

Movant's point that the jury was given no adequate standards upon which to sentence is also without merit. No authori-

ty for the contention that this is a violation of due process is advanced other than philosophical discussions of sentencing procedures. The United States Supreme Court has upheld jury sentencing based upon the jury's assessment of the evidence it hears and appraisal of the character and demeanor of the defendant. See *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). The sentence was within the statutory limits and the matter now raised was at no time presented to the trial court. Movant is entitled to *no relief under* Rule 27.26 on this point.

 The failure to give a manslaughter instruction is also a trial error and should have been raised on direct appeal. Movant, however, contends that pursuant to *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) the failure to give the manslaughter instruction denied movant his constitutional right to due process by relieving the prosecution of the obligation to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. While we entertain serious doubt that Mullaney is controlling in the posture of this case we have determined that no manslaughter instruction was required.

"In a case involving a felonious homicide, the evidence may show only the intentional killing of a human being. This is manslaughter. V.A.M.S. § 559.070. If, in addition, the elements of premeditation and malice, but not deliberation, are shown, the offense is murder in the second degree. V.A.M.S. § 559.020. If, in addition, the element of deliberation is shown, the offense is murder in the first degree. V.A.M.S. § 559.010.

"It is the duty of the court to 'instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict . . . ' [citations omitted].

" . . . If, as in the Sparf case, supra [*Sparf v. U.S.*] (156 U.S. 51, 64, 15 S.Ct. 273, 278, 39 L.Ed. 343, there has been *as a matter of law,* 'an entire absence of evidence upon which to rest a verdict of guilty of manslaughter,' the trial court could properly have instructed the jury only as to murder in the second degree." *State v. Ayers,* 470 S.W.2d 534 (Mo. banc 1971) [7].

In order for the intentional homicide to be reduced to manslaughter a sudden unexpected provocation, encounter, or assault must occur tending to excite the passion beyond control. It is the sudden happening or occurrence of the provocation rendering the mind incapable of reflection and obscuring reason that establishes the absence of malice and premeditation. *State v. Clough,* 327 Mo. 700, 38 S.W.2d 36 (1931) [1]; *State v. Patterson,* 484 S.W.2d 278 (Mo.1972) [1]; *State v. Hubbard,* 484 S.W.2d 224 (Mo. 1972). While movant testified he was scared of the deceased at the time he fired the shots, there was no evidence of sudden provocation capable of obscuring reason or rendering the mind incapable of reflection. Movant's testimony was that when he saw deceased come out of the Municipal Courts building and start walking in his direction he (movant) "just turned around and started shooting." He inflicted four wounds on deceased. The evidence shows a malicious intent to kill. There was no indication of any sudden provocation, encounter or assault by deceased at the time defendant began shooting. Threats made earlier by deceased do not provide the necessary provocation. See *State v. Clough, supra.* As a matter of law there was no evidence to support a finding of manslaughter.

 We do not find the determination of the trial court concerning ineffective assistance of counsel clearly erroneous. Accepting as true the allegations in movant's motion and the truth of the statements of possible witnesses filed as exhibits we find no basis for a finding that movant was denied a fair trial because of counsel's failure to conduct an investigation. The motion does not allege that the existence of some of these possible witnesses was called to the attention of counsel. Much of the testimony they are alleged to have been ready to give was clearly inadmissible either on hearsay or relevancy grounds. That evidence which might have been ad-

missible was solely cumulative of events occurring one or two days before the shooting. On direct appeal and again here we have held that those events did not support either a manslaughter or self-defense submission. Additional, cumulative testimony concerning the same events does not change that. The failure of counsel to investigate, alleged by movant, did not deny movant a defense to which he was entitled nor deny him a fair trial. *Floyd v. State,* 518 S.W.2d 700 (Mo.App.1975).

Judgment affirmed.

NORWIN D. HOUSER, Special Judge, concurs in result.

ALDEN A. STOCKARD, Special Judge, concurs.