Donald V. STEWART, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39211.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied
April 10, 1979.

Robert C. Babione, Public Defender, James B. Ashwell, Frank R. Fabbri, III, Asst. Public Defenders, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from Rule 27.26 proceeding. Movant appeals from part of an order of the Circuit Court of the City of St. Louis denying relief following an evidentiary hearing with assistance of counsel. Movant was convicted by a jury of attempted armed robbery and carrying a concealed weapon. He received consecutive sentences of eight years on the robbery charge and two years on the concealed weapon charge. The Circuit Court granted partial relief by ordering that the sentences be served concurrently.

Movant first claims that he was denied effective assistance of counsel in that his counsel failed to assert a valid defense to the charge of carrying a concealed weapon. The Rule 27.26 hearing evidence established that at the time of movant's arrest he had been appointed, from time to time, to serve as a special process server for the Magistrate Court of the City of St. Louis. He was prosecuted on the concealed weapon charge under § 564.610 RSMo 1969, which excludes from its provisions "legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal . . .."

Counsel does have a duty to make a reasonable investigation of the facts of a case. *Jackson v. State*, 465 S.W.2d 642 (Mo. 1971); *Walker v. State*, 511 S.W.2d 859 (Mo.1974). Counsel must of necessity, however, rely on information furnished by the client, and cannot be expected to be clairvoyant. Further, the act or omission on which the claim is based must be such as to

suggest a deliberate and conscious dereliction of duty. *Knight v. State*, 491 S.W.2d 282, 285–286 (Mo.1973); *Johnson v. State*, 479 S.W.2d 416 (Mo.1972); *State v. Garrett*, 510 S.W.2d 203, 207 (Mo.App.1974).

■ There was little probability that movant, charged under the concealed weapon statute, was a process server. If he were carrying a weapon pursuant to that capacity, it is not unreasonable to assume he would disclose that information. His attorney testified that he discussed the case with him on many occasions. Pre-trial motions were filed. A detailed study of the police report was made. Upon learning that movant was a licensed watchman, his attorney contacted the police department to determine if he had a license to carry the weapon. We reject movant's contention that he did discuss with his attorney "the fact that I had a file folder of subpoenas in the car" at the time of his arrest, "but he just glossed over that. . . . I believe I did mention it to him; yes, sir." His trial attorney testified that he was not made aware of movant's contention that he was carrying subpoenas at the time of his arrest. The alleged subpoenas were never produced. The credibility of witnesses in a proceeding under Rule 27.26 is an issue for the trial court to determine. We defer to its judgment here. *Campbell v. State*, 515 S.W.2d 453 (Mo.1974).

■ Movant was not acting as a process server at the time of his arrest. He was, to the contrary, involved in an attempted armed robbery. Nothing surrounding his activities at the time of his arrest would have suggested this possible defense. This ground for reversal is denied.

■ Movant also alleged that he was denied due process of law by the trial court giving its own version of MAI–CR 1.02, the required instruction after the jury panel is sworn for voir dire. The substituted MAI–CR 1.02 was substantially identical to the one given in *State v. Clifton*, 549 S.W.2d 891, 897 (Mo.App.1977). Accordingly, this excursion from the approved MAI–CR 1.02 would have been grounds for a new trial

had the point been preserved on appeal. It was not. *State v. Stewart*, 537 S.W.2d 579 (Mo.App.1976). *Stewart* was decided before *Clifton*. Apparently, prior to *Clifton*, many trial judges thought it was permissible to deviate from MAI–CR 1.02.

■ The well-recognized rule is that instruction error is trial error not cognizable in a Rule 27.26 proceeding. *State v. Smith*, 411 S.W.2d 208, 210 (Mo.1967); *Campbell v. State*, 515 S.W.2d 453, 456 (Mo. 1974); *Young v. State*, 547 S.W.2d 146 (Mo. App.1976). Movant concedes this principle, but relies on the language in Rule 27.-26(b)(3): "trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." A constitutional error is one that is so glaring as to cause a substantial deprivation of the right to a fair trial. *O'Neal v. State*, 486 S.W.2d 206, 208 (Mo.1972); *Edwards v. State*, 535 S.W.2d 124 (Mo.App.1976). See *Milentz v. State*, 545 S.W.2d 688, 690 (Mo. App.1976).

We believe that the straying from MAI–CR 1.02 was error, but one not affecting constitutional rights. The error was not "so unfair as to deny Movant due process of law." *Thompson v. State*, 569 S.W.2d 380, 382 (Mo.App.1978); *O'Neal*, 486 S.W.2d at 208. This ground for relief is denied.

■ Movant states as a separate point that the Rule 27.26 court applied an incorrect guideline in resolving this ground for relief. Our only inquiry is the correctness of the result reached by the court and a proper result will be affirmed even though an incorrect guideline was used. *Turner v. State*, 559 S.W.2d 555 (Mo.App.1977).

The judgment is affirmed.

SMITH, J., and ALDEN A. STOCKARD, Special Judge, concur.