STATE of Missouri, Respondent,

v.

Charles LEWIS, Appellant.

No. 39357.

Missouri Court of Appeals,
Eastern District.

March 13, 1979.

---

Staples & Willis, Charles H. Staples, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of two counts of second degree murder and the resultant consecutive sentences of fifty years imprisonment on each count imposed by the court pursuant to the second offender act. We affirm.

Defendant and one or two other men were seen in the apartment of Arthur Isbell and Marie Simms stabbing Ms. Simms and ransacking the apartment. Isbell was lying on the floor. The witness to this occurrence was a ten-year-old boy. Both Isbell and Ms. Simms were dead upon arrival at the hospital from fracture wounds of the head. Defendant gave a series of statements to the police, each different. The earlier statements admitted the presence of defendant with Isbell and Simms before, but not at, the time of their killing. The final statement admitted presence at the time of the killing but disavowed participation. This final statement indicated that defendant and another man were drinking with the victims, that the other man put his arm around Ms. Simms, that Isbell then drew a razor, a struggle ensued in which Isbell was stabbed, that the other man then began beating Ms. Simms who gave him money to stop. Defendant stated that he did not participate in the stabbing or beating but instead fled the apartment. The eyewitness identified defendant as the man he saw stabbing Ms. Simms. At trial defendant testified that he had been drinking earlier in the day with the victims but was not in the apartment when the killings occurred.

▉ Defendant raises four points on appeal. One premises error upon the court's action in declaring a recess during the cross-examination of the ten-year-old boy. No objection was made during the trial nor in the motion for new trial so the matter must be reviewed under the plain error doctrine, if at all. While much of defendant's brief on this point alleges prosecutional deviousness in using the recess to

rehabilitate the witness, the record is devoid of anything to support such accusations. When court resumed, counsel for defendant announced he had no further questions of the witness, not even questions about whether the witness had discussed his testimony with the prosecutor during the recess. Declaration of a recess is a matter within the sound discretion of the trial court. *State v. Green*, 534 S.W.2d 600 (Mo. App.1976) [4]. We find no abuse of that discretion, no error in the court's action, and no indication of prejudice to defendant. There is no basis for invoking the plain error doctrine.

▉ Defendant also premises error upon the failure of the trial court to give MAI–Cr. 2.10 (aiding and abetting) immediately after the two verdict-directing instructions covering second degree murder.[1] This objection was not raised in the motion for new trial and is not preserved for appeal. The same is true of defendant's next point that the court erred in failing to instruct the jury, as per MAI–Cr. 6.06, that if the act of homicide was done in "agitation" suddenly provoked by the victim such act would not warrant conviction for second degree murder. The court did instruct on exoneration if the act was committed in fear, the only one of the parenthetical mental states included in paragraph third of MAI–Cr. 6.06 which was even remotely supported by the evidence. We find no basis for invoking the plain error doctrine as to either of the alleged instructional errors.

▉ Defendant's remaining point, and the only one preserved for appellate review, is his claim of error by the trial court in failing to suppress statements of defendant made prior to the time *Miranda* warnings were given him. Defendant was questioned outside a liquor store by two policemen. The police testified that the questioning occurred because defendant was known to be a friend of the victims and might be able to furnish some information concerning the

---

1. Interposed between the murder second degree instruction and aiding and abetting instruction was a manslaughter instruction.

crime. He was not at the time a suspect. One police officer testified the questioning occurred on the sidewalk outside the liquor store. The other officer initially testified he "believed" the questioning occurred in a police car but thereafter testified that it initially occurred on the sidewalk. Defendant was not in any way restrained at the time of the questioning and was arrested only after he had given several inconsistent statements concerning his contacts with the victims on the day of the murders. Immediately after arrest he was given his *Miranda* rights.

Defendant premises his contention of error upon the argument that at the time of the questioning he had become the "focus" of the investigation. Not only does the argument lack factual support but it is irrelevant. In *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976) the Supreme Court made clear that *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) applied to custodial interrogations i. e. those occurring after the suspect " 'has been taken into custody or otherwise deprived of his freedom in any significant way.' " Whether the investigation has "focused" on the defendant is of no real importance. *See, State v. Love*, 546 S.W.2d 441 (Mo.App.1976) [1]. The record here supports the trial court's finding that the questioning of defendant occurred in non-custodial circumstances. *See, Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). The court did not err in refusing to suppress defendant's pre-arrest statements.

Judgment affirmed.

WEIER, C. J., and SNYDER, P. J., concur.