Jackie SWEARINGIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 12207.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 3, 1981.

Motion for Rehearing or Transfer Denied
Dec. 28, 1981.

Application to Transfer Denied
Feb. 16, 1982.

**561**

Richard D. Crites, Springfield, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Jackie Swearingin appeals from a denial, after evidentiary hearing, of his Rule 27.26[1] motion to set aside a judgment and sentence for murder in the second degree. § 559.020 RSMo 1969. The offense was committed on June 19, 1976. The conviction was affirmed by this court on March 22, 1978. *State v. Swearingin,* 564 S.W.2d 351 (Mo.App.1978).

Movant's first point is that he was entitled to relief (and the trial court erred in denying same) because of certain claimed deficiencies in Instruction 5.[2] The two criticisms sought to be leveled at Instruction 5 are: (a) Paragraph Third of the instruction was erroneous in failing to include "anger" and "fear" as emotional states, in addition to that of "agitation" which the instruction did include, which could be considered by the jury as a defense to the charge of murder in the second degree; (b) the instruction was confusing and did not tell the jury that the perpetrator of the stabbing had to have the intent to cause serious bodily harm to the victim.

A proceeding under Rule 27.26 "ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. "INSTRUCTION NO. 5

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about June 19, 1976, in the County of Greene, State of Missouri, the defendant or Ricky Swearingin caused the death of Larry Lee Brown by stabbing him, and

"Second, that the defendant or Ricky Swearingin intended to cause serious bodily harm to Larry Lee Brown, and

"Third, that the defendant or Ricky Swearingin did not do so in agitation suddenly provoked by the unexpected acts or conduct of Larry Lee Brown, and

"Fourth, that the defendant acted either alone or knowingly and with common purpose together with Ricky Swearingin in the conduct referred to in the above paragraphs, then you will find the defendant guilty of murder in the second degree.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty of that offense."
"(MAI–CR 6.06 and 2.12)"

562

errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." Rule 27.26(b)(3).

■ The general rule is that complaints concerning the giving or refusal of instructions are not cognizable in a Rule 27.26 proceeding. *Campbell v. State*, 515 S.W.2d 453, 456[6] (Mo.1974); *Brown v. State*, 492 S.W.2d 762, 763[4] (Mo.1973); *Ross v. State*, 601 S.W.2d 672, 676[12] (Mo. App.1980); *Williams v. State*, 567 S.W.2d 370, 371[1] (Mo.App.1978). Complaints concerning instructions cannot be brought within the scope of a Rule 27.26 motion "by simply alleging as a conclusion that they resulted in unfairness or affected constitutional grounds. *O'Neal v. State*, 486 S.W.2d 206 (Mo.1972)." *Perryman v. State*, 506 S.W.2d 480, 481 (Mo.App.1974). "A constitutional error is one that is so glaring as to cause a substantial deprivation of the right to a fair trial." *Stewart v. State*, 578 S.W.2d 57, 59 (Mo.App.1978). It is most likely that the foregoing principles preclude consideration of movant's first point. Even if review is gratuitously accorded, the point lacks merit.

Instruction 5 is based on MAI–CR 6.06, effective 3–1–75, p. 6–5, and MAI–CR 2.12, effective 3–1–75, p. 2–18. These were the forms which were in effect at the time of the jury trial. Paragraph Third of MAI–CR 6.06 reads:

"Third, that the defendant did not do so in (anger) (fear) (agitation) suddenly provoked by the unexpected acts or conduct of [name of victim] (and)"

■ Movant's first criticism of Instruction 5 is that Paragraph Third failed to include "anger" and "fear" as additional emotional conditions which could be considered by the jury as a defense to the charge of murder in the second degree. This criticism, manifestly of the hyper-technical variety, has no merit. Neither movant nor Ricky Swearingin, his brother, testified at the jury trial so there was no direct evidence, that is evidence emanating from either of them, as to their respective states of mind.

■ The word "agitation," which was used in Instruction 5, is broad enough to include anger and fear. One of the definitions of "agitation" contained in the American Heritage Dictionary of the English Language is "extreme emotional disturbance, perturbation." In *State v. Lewis*, 579 S.W.2d 744 (Mo.App.1979), a direct appeal from a second degree murder conviction, the court rejected defendant's claim that it was plain error for the verdict-director, based on MAI–CR 6.06, to include "fear" but to omit "agitation."

Movant's reliance on *State v. Gotthardt*, 540 S.W.2d 62 (Mo. banc 1976) and *State v. Carter*, 585 S.W.2d 215 (Mo.App.1979) is not justified. In those cases the verdict-directing instruction on murder in the second degree omitted *all* of Paragraph Third of MAI–CR 6.06 and a separate instruction submitted manslaughter. Those cases held that the omission of Paragraph Third was erroneous, at least if raised on direct appeal, because the purpose of Paragraph Third is to inform the jury of the difference between manslaughter and second degree murder.

■ Movant's second criticism of Instruction 5 is that it is "confusing" and that it did not tell the jury that the person who actually wielded the knife had to have the intent to cause serious bodily harm to the victim. As the trial court pointed out, Instruction 5 follows "MAI–CR 2.12 and 6.06 fully and faithfully." Paragraph Fourth of the instruction required the jury to find "that the defendant acted either alone or knowingly and with common purpose together with Ricky Swearingin in the conduct referred to in the above paragraphs." The foregoing language, coupled with other portions of Instruction 5, was a sufficient submission of the element of intent and the instruction was not confusing. *State v. Mitchell*, 611 S.W.2d 223, 226–227[4–6] (Mo. banc 1981); *State v. Carey*, 599 S.W.2d 71, 72[3] (Mo.App.1980).

Movant's first point has no merit.

Movant's second point is that the trial court erred in not vacating the conviction because movant was deprived of effective assistance of counsel. It is movant's position that counsel was derelict in failing to call movant as a witness in his own behalf and in failing "to properly impeach" Rex Donovan, a witness for the state.

At the motion hearing movant and his trial attorney, Donald Clough, testified. On the basis of that testimony the trial court properly found "that it was jointly decided by movant and Clough as a matter of trial strategy that movant would not testify." The prior criminal record of movant was a major factor in that strategic decision. In *Burroughs v. State*, 590 S.W.2d 695, 697[5] (Mo.App.1979) a similar point was advanced and rejected. The eastern district of this court said: "It is not for this court to determine whether counsel should have adopted a different trial strategy."

Also invalid is movant's criticism of attorney Clough's cross-examination of witness Donovan. Mr. Clough did cross-examine Donovan and did impeach him. Movant's present counsel seeks to question the effectiveness of Clough's method of cross-examining. "The extent of cross-examination is almost always a matter of trial strategy." *Cole v. State*, 573 S.W.2d 397, 403[13] (Mo.App.1978). As was the situation in *Cole*, the attorney who represented movant at the murder trial did an excellent job of cross-examining and he is not to be faulted because movant's instant counsel might have employed a different technique. Movant's second point has no merit.

In this proceeding appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j). Movant has demonstrated no error of that magnitude nor indeed any error at all.

The judgment is affirmed.

GREENE, P. J., and TITUS, J., concur.