STATE of Missouri, Respondent,

v.

Charles Kevin REED, Appellant.

No. 63663.

Supreme Court of Missouri,
Division No. 2.

Dec. 3, 1982.

Rehearing Denied Jan. 11, 1983.

Application for Transfer to Court
En Banc Denied Jan. 11, 1983.

Anne Hall, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Presiding Judge.

Appellant Charles Kevin Reed appeals from judgment of conviction on a jury verdict finding him guilty of murder in the second degree, § 565.004, RSMo 1978. Punishment was fixed at imprisonment for life. § 565.008(2), RSMo 1978. Jurisdiction of this appeal is vested in this Court. Mo. Const. art. V, § 3. Appellant's sole claim of error is the trial court's failure to include the words "in anger, fear or agitation," rather than just the words "in anger," in the verdict director submitting second degree murder. We affirm.

On the morning of July 10, 1981, the body of Otto Johnson, a widower in his sixties, was found by a neighbor and a business acquaintance in the bedroom of his home in Kansas City, Missouri. The victim had, without explanation, failed to report to work that morning and his automobile was not parked in its usual location at his home. Mr. Johnson suffered multiple skull fractures and scalp lacerations caused by blunt force. These severe head injuries caused his death.

On July 13, 1981, appellant was apprehended in St. Clair, Missouri, while driving the victim's car. The victim's checkbook, credit cards, and other identification were discovered in the vehicle. Appellant confessed to the murder.

At trial, the state adduced evidence showing that the victim, a known homosexual, was in poor health. He had had a colostomy as a result of cancer and he was scheduled for hernia surgery. At approximately 6 p.m. on July 9, 1981, appellant, who knew the victim as a neighbor from childhood and who at one time had lived with the victim, went to Johnson's home and asked to borrow his car. When Johnson refused the request, an argument ensued. About fifteen minutes later appellant left and went to another friend's home. He returned to Johnson's home at 10 p.m. and again asked to borrow the car. Johnson again refused. Appellant remained at the house and had a few drinks while Johnson prepared for bed. A short time later Johnson asked appellant if he wanted to go to the bedroom with him; appellant replied that he did not. Johnson returned to his bedroom, and, shortly thereafter, appellant went into the bedroom, where Johnson was sitting on the side of the bed. The two had a conversation about the automobile, during which Johnson reached over and touched appellant on the arm. Appellant picked up a two-foot-long flashlight from the floor near Johnson's bed and struck the victim in the head with it three times. After beating the victim with the flashlight, appellant took Johnson's checkbook, credit cards, fifteen dollars, and a six-pack of beer and left in the victim's automobile.

Appellant's trial testimony revealed that his theory, essentially, was that the victim had made sexual advances toward him and that a struggle ensued, during which appellant struck Johnson with the flashlight.

 Because appellant's defense was provocation, he claims that each of the three words "anger," "fear," and "agitation" should have been included in paragraph Third of the second degree murder verdict director because the evidence supported use of each term rather than the single term "in anger."

The court submitted to the jury verdict directing instructions on second degree murder and manslaughter. The verdict director for murder in the second degree was submitted as follows:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about July 9, 1981, in the County of Jackson, State of Missouri, the defendant caused the death of Otto Johnson by striking him, and
>
> Second, that the defendant intended to cause serious bodily harm to Otto Johnson, and
>
> Third, that defendant did not do so in anger suddenly provoked by the unexpected acts or conduct of Otto Johnson, then you will find the defendant guilty of murder in the second degree.
>
> However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> If you do find the defendant guilty of murder in the second degree you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than ten years nor more than life imprisonment.

This instruction, patterned after MAI–CR2d 15.14, "Murder: Second Degree, Conventional," was properly adapted in paragraph Third[1] to submit the only fact and circumstance which could have been inferred by the jury from appellant's testimony—that he was angered by the advances. *See* MAI–CR2d 15.14, Notes on Use 3.

 Under the MAI, only in rare cases may more than one alternative be employed in an instruction requiring a choice of terms depending upon the facts of the case. "How To Use This Book," MAI–CR2d XVI. This is not such a rare case. No testimony of any kind was offered as to appellant's emotional state at the time of the killing. There was no showing that appellant was put in "fear" of Johnson, a man forty years his senior and in poor health, when the alleged advances occurred, and "agitation" could have been properly submitted only if both "anger" and "fear" were shown. *Swearingin v. State,* 629 S.W.2d 560 (Mo. App.1981).

Appellant's provocation defense was not impaired or limited by the instruction given, and no error appears. *State v. Lewis,* 579 S.W.2d 744 (Mo.App.1979).

The judgment is affirmed.

HIGGINS and SEILER, JJ., concur.

---

1. MAI–CR2d 15.14, paragraph Third, provides: Third, that the defendant did not so do in (anger) (fear) (agitation) suddenly provoked by the unexpected acts or conduct of [name of victim], . . . .