Donald STEWART, Appellant,

v.

MISSOURI BOARD OF PROBATION,
Appellee.

No. 83–1221.

United States Court of Appeals,
Eighth Circuit.

Submitted June 29, 1983.

Decided July 25, 1983.

Scott Richardson, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Donald Stewart appeals from the district court's order dismissing his petition for writ of habeas corpus. Because we find no error in the district court's judgment, we affirm.

In January, 1975, a jury in the circuit court of the City of St. Louis found Stewart guilty of attempted first degree robbery and carrying a concealed weapon. The court sentenced Stewart to eight years imprisonment on the attempted robbery count and two years imprisonment on the concealed weapon count, with the terms to run consecutively. On appeal, the Missouri Court of Appeals affirmed the convictions. State v. Stewart, 537 S.W.2d 579 (Mo.App. 1976). Thereafter, Stewart filed a motion for postconviction relief pursuant to Mo.R. Crim.P. 27.26. The circuit court ordered that the two sentences be served concurrently, but otherwise denied Stewart relief. The state court of appeals affirmed this ruling on appeal. 578 S.W.2d 57 (Mo.App. 1979).

Stewart subsequently filed a pro se petition for a writ of habeas in federal district court pursuant to 28 U.S.C. § 2254. He asserted that he had been denied his constitutional right to effective assistance of counsel at trial because his attorney allegedly failed to move to dismiss the indictment as defective, failed to investigate and develop a potential immunity defense, and failed to make various objections. Stewart requested the district court to hold an evidentiary hearing and to appoint counsel. The district court, adopting the magistrate's recommendation, denied Stewart's requests for relief and dismissed his petition. Stewart appeals, asserting the same contentions he raised below.

The state court to which Stewart presented his Rule 27.26 motion granted him a full and fair evidentiary hearing. There was no need for the federal district court to hold a second one. Moreover, we cannot find that the state courts which addressed the appellant's claims committed any errors of a constitutional dimension. Accordingly, we affirm the decision of the district court.